# CARPENTER *vs.* THE STATE.

1. When a white man is indicted for an assault on a slave with intent to murder him, and, without demurring to the indictment or moving to quash it, goes to trial on the plea of not guilty, he may be convicted of assault and battery only; and he cannot afterwards, by assigning for error the verdict of the jury, raise the question whether an indictment lies against a white man for an assault on a slave with intent to murder.

ERROR to the Circuit Court of Macon.

Tried before the Hon. ROBERT DOUGHERTY.

HILLIARD & THORINGTON, for plaintiff in error.

P. T. SAYRE, for the Attorney General, *contra*.

PHELAN, J.—In this case, the appellant was indicted for an assault and battery, with intent to murder, upon one Jacob,

a slave, the property of one Joseph R. Hand. There was no demurrer to the indictment, nor motion to quash; but the defendant went to trial on the plea of not guilty. The jury returned a verdict, that they found the defendant "guilty of assault and battery" merely, and fined him $500; upon which judgment was rendered accordingly. The error now assigned is, the verdict of the jury.

The counsel for the appellant has argued the question whether an indictment will lie against a free white man for an assault and battery, with intent to murder, on a slave. This question is not presented by the state of the record, nor by the assignment of error. That a jury, under an indictment for assault and battery with intent &c., may find the defendant guilty of a common assault, or assault and battery, only, has been repeatedly decided. That was all that was done in this instance; and the verdict was accordingly conformable to the indictment, and proper. That a white man is liable to an indictment for assault and battery on a slave, is made the law of this State by statute, and, we suppose, is not denied. As the other question cannot arise on this record, we decline to consider it.

Let the judgment below be affirmed.