HARVARD LAW SCHOOL LIBRARY.

| 34 | 253 |
| 120 | 297 |
| 121 | 15 |

HUDSON *vs.* THE STATE.

[INDICTMENT FOR HOMICIDE OF SLAVE.]

1. *General verdict on good and bad counts.*—A general verdict of guilty, under an indictment containing both good and bad counts, will be referred to the good counts, and be sustained.

2. *Homicide of slave by white person.*—Under an indictment against a white person for the murder of a slave, (Code, § 3295,) a conviction may he had for manslaughter in the second degree.

ERROR to the Circuit Court of Chambers.

Tried before the Hon. ROBERT DOUGHERTY.

THE indictment in this case was found at the March term of said circuit court, 1859, and contained two counts; the first charging, that the defendants, Elisha Hudson and Thomas C. Carlisle, "unlawfully, and with malice afore-thought, killed a negro man slave, named Gus, the prop-erty of one William Fuller, by shooting him with a gun;" and the second, that said defendants, "with malice afore-thought, caused the death of a negro man slave, named Gus, the property of said William Fuller, by the use of a gun, a weapon in its nature calculated to produce death." The prisoners pleaded not guilty, and were tried togeth-er; and the verdict of the jury was in these words: "We, the jury, find the defendant Thomas C. Carlisle not guilty, and we find the defendant Elisha Hudson guilty of man-slaughter in the second degree, and assess a fine against him of $500, and that he be imprisoned in the county jail six months." The court rendered judgment in accord-ance with this verdict, from which judgment Hudson prosecutes this writ of error.

GOLDTHWAITE, RICE & SEMPLE, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—We deem it unnecessary to inquire wheth-er the second count in the indictment is or is not good.

The first seems unexceptionable; the finding is a general one; and in such case, the rule is, to refer the finding to the good count.—Shaw v. The State, 18 Ala. 547; State v. Coleman, 5 Por. 32.

[2.] The indictment was for murder, and the conviction for manslaughter in the second degree. The person slain was a slave. It is contended, that we have no such offense as manslaughter in the second degree, when a slave is the subject of the homicide. We can not assent to this proposition. We hold, that when a slave is unlawfully deprived of life, he is, under our laws, a reasonable creature in being, in whose homicide either a white person or a slave may commit the crime of murder or manslaughter.—State v. Coleman, *supra;* Flanegan's case, 5 Ala. 477; State v. Jones, *ib.* 666; The State v. Abram, 10 Ala. 928; Seaborn v. The State, 20 Ala. 15; Dave v. The State, 22 Ala. 23; Carpenter v. The State, 23 Ala. 84; Eskridge v. The State, 25 Ala. 30; Bob v. The State, 29 Ala. 20; Oxford v. The State, 33 Ala. 416.

Under an indictment for murder, a prisoner may be convicted of manslaughter.—Code, §§ 3504, 3601; Bob v. The State, 29 Ala. 20; Henry v. The State, 33 Ala. 389.

The record is free from error, and the judgment of the circuit court is affirmed.