## LUDOWICK WARROCK, APPELLANT, vs. THE STATE.

1. An assault and battery *with intent to kill*, is an offence not embraced in the criminal statutes of Florida, nor is it known to the common law of England.
2. Under the statute of this State, assault and battery, and assault with intent to kill, are offences of equal grade.
3. A person indicted for an assault with intent to kill, may, if the evidence does not support it, be convicted of an *assault*, which is by statute made the only *minor* offence of a kindred character.
4. It is error for the Jury, in this State, to find the defendant guilty of an assault and battery, under an indictment for an assault with intent to kill.

This case was decided at Jacksonville.

The Grand Jury brought into Court and presented a bill of indictment against the said Warrock, endorsed on the back thereof, "Assault with intent to kill—a true bill." In the body of the indictment there were two counts, one of which reads as follows, viz :

"That Ludowick Warrock, late of the county of Duval, laborer, on the twenty-eighth day of May, in the year of our Lord one thousand eight hundred and fifty nine, with force

and arms, at the county aforesaid, in and upon one George C. Acosta, in the peace of God and the State of Florida, then and there being, unlawfully did make an assault, and him the said George C. Acosta, then and there did beat, wound and ill-treat, with intent him, the said George C. Acosta, then and there to kill, contrary to the form of the statute, " &c.

The second count was for an assault and battery upon said Acosta.

Before going to trial, the Solicitor entered a nolle prosequi to the second count. The defendant in the Court below then moved to quash the indictment, upon the ground that the offence charged was an assault and *battery* with intent to kill, and that no such offence is enumerated in the statute of Florida, and no such offence was and is known to the common law. The Circuit Court overruled the motion, the defendant plead not guilty, and the cause went to trial on the *first* count in the indictment. The petit jury found the defendant guilty of simply an assault and battery.— Motion in arrest of judgment was made, which was overruled, and judgment entered up against the defendant. From this conviction, writ of error is sued out to this Court, under the statute of 4th January, A. D. 1848.

*Saml. L. Burritt* for appellant.

*Attorney General* for the State.

FORWARD, J., delivered the opinion of the Court.

The indictment in this case is founded upon a statute which enacts that " any *person, convicted of false imprisonment, mayhem, assault and battery, or an assault with intent to kill, shall be punished by a fine not exceeding*

12

*one thousand dollars or imprisonment not exceeding six months, at the discretion of the jury ; and any person convicted of a bare assault, shall be punished by a fine not exceeding one hundred dollars, at the discretion of the jury."*

The first question presented in considering whether the conviction was right or wrong, involves the inquiry for what was the defendant in the Court below indicted and tried, and how is this to be determined ? Are the Court to take the endorsement upon the indictment as fixing the offence, or are they to examine the record and scrutinize the express language of the indictment ?

In the case of Cherry vs. the State of Florida, 6 Fla. Rep. page 680, this Court held that in view of the practice of the Circuit Courts, the indorsement constituted no part of the indictment, and that " the finding must be taken to be general and referable solely to the offence *as charged in the body* of the indictment. " This being considered the place of reference, we look to the body of the indictment, and we see that the offence charged in the count is for an assault and battery with intent to kill. It is in almost exact form of the indictment laid down in Archbold's Criminal Pleadings, page 416, with the superadded words, " with intent him, the said George C. Açosta, then and there to kill. " Mr. Archbold, in speaking of the evidence for the prosecution under said form of indictment, says : " The present is an indictment for an attempt to commit a battery, and also for a battery actually committed." According to Archbold, then, the indictment in this case charges the offence to be an attempt to commit a battery with intent to kill, and also for a battery actually committed with intent to kill. The form of an indictment for assault *without* battery, will be found in Wharton's Precedents of Indictments, page 214, and as will be seen differs from the count in this indictment. So in the Circuit Court of the United States, in an indict-

ment under an act of Congress for assault with intent to kill, it will be seen the practice is to frame the indictment for an assault with intent to kill, without charging a battery actually committed. See Wharton's Precedents, 239.

The errors assigned were that the conviction was erroneous because—

*First.* There was no such offence known to the statutes of Florida as an assault and battery with intent to kill, nor any such offence known to the common law of England.

*Second.* That if the indictment could be treated by the Court and jury as an indictment for mere assault and battery, then the indictment was defective, as no name was placed upon it as a security for costs in case of an acquittal.

As will be seen by reference to the statute, no such an offence as an assault and battery with intent to kill is enacted. The statute, without employing any terms descriptive of the offences, but merely declares the punishment for false imprisonment, mayhem, an assault and battery, or an assault with intent to kill.

In the case of Hall vs. the State, decided at the last term held in Marianna, this Court held that an "assault with intent to kill" is not an offence known to the common law, but by statute of this State is made misdemeanor—it is made a statutory offence, and as such punished. So we think all assault and battery with intent to kill, is not an offence known to the common law—wherever it exists, it is by statutory provision. Has any statute of this State created such an offence? We think not. We are therefore driven to the conclusion that there is no such offence in the criminal code of this State as assault and battery with intent to kill.

It is contended by the Attorney General that the averment of battery in this count of the indictment is but setting forth the means or manner of the assault, that is to say,

that he assaulted him by beating, wounding and ill-treating him *with intent to kill,* which is an aggravated assault.

The indictment does not so aver, and the only way it could be sustained would be by considering it a double count, with divisible averments. In either case, it would be an indictment for an assault with intent to kill. Let us suppose it a good indictment for assault with intent to kill, and it presents a case of greater difficulty.

The jury found the defendant, (Warrock,) guilty of assault and battery, without the intent to kill. The proof did not, in their judgment, sustain the *quo animo* charged.

The defendant was therefore convicted of a different offence than that contained in the indictment, and the only ground upon which the conviction could be sustained is under the general rule, that whenever the defendant is charged with the major offence, and the evidence does not support it, the jury may convict of any minor offence of a kindred character, which is included in the major, and to which the testimony applies. This brings us to the enquiry whether assault and battery is a minor offence, and of lower grade in this State to an assault with an intent to kill?

Upon examining the statute it will conclusively appear, that assault and battery, and assault with intent to kill, are of equal grade, while a "bare assault" is made of lower grade, by providing, on conviction therefor, a lesser punishment. The other offences enumerated are equally punished, and thus made of equal grade. Therefore, under the statute, assault and battery is not the minor offence embraced in assault with intent to kill, and the conviction was for an offence not included in the indictment.

An assault would have been a minor offence; and had the jury, under such an indictment, convicted him of an assault, it would have been under the said general rule a good conviction. The defendant having been indicted for an offence

not known in this State, and there having been a conviction for an offence not included in the indictment, the erroneous conviction is tantamount to an acquital. The Court is of the opinion that there was error in the judgment of the Court below. It is therefore ordered and adjudged that said judgment be reversed and the said Warrock discharged therefrom.