JOHN McLEAN AND WILLIAM PEARSON, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The plaintiffs in error were tried in the Circuit Court upon an indictment for the larceny of property of the value of twenty-five dollars. They were found guilty of the larceny of property of the value of ten dollars, and were fined. They moved in arrest of judgment upon the ground that the Circuit Court had no jurisdiction : *Held,* That jurisdiction is determined by the indictment, and that being for a felony the Circuit Court had, under the Constitution and statutes, jurisdiction, and the motion in court was properly overruled.

2. In criminal cases the jurisdiction is determined by the charge made in the indictment, and when the court has acquired jurisdiction by reason of such charge, it has under the law jurisdiction of all lesser offences included within such charge.

Writ of Error to the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion.

*Barron Phillips* for Plaintiffs in Error.

*The Attorney-General* for Defendant in Error.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court :

In October, 1884, McLean and Pearson were indicted for larceny in stealing one cow of the value of twenty-five dollars. They were tried in March, 1886, and the jury found them guilty, and the value of the property ten dollars.

They moved in arrest of judgment, "because the verdict of the jury finds the value of the heifer stolen  *  *  ten dollars which makes the taking petit larceny and cognizable by a Justice's Court, and that this court has no juris-

diction to punish." The court overruled the motion and sentenced the defendants to pay a fine of fifty dollars each, and the costs. From this judgment and sentence by writ of error the case is in this court. The errors alleged are, that the court had no jurisdiction of the offence for which judgment of conviction was rendered, the property stolen being of the value of ten dollars as found by the verdict of the jury, and in overruling the motion in arrest of judgment for the same reason.

The indictment charges a felony in that the defendants " with force and arms at and in the county of Hillsborough aforesaid one cow of the value of twenty-five dollars, * * then and there being found, feloniously did steal, take and carry away, contrary," &c., &c.

Justices of the Peace have no jurisdiction to try felonies. In cases of larceny, not charged as a second offence, where the value of the property stolen does not exceed twenty dollars, they have jurisdiction by statute. McC. Dig., page 662, § 1. Section 15, article 6, of the Constitution, authorizes the Legislature to fix the power of Justices of the Peace in criminal cases, as follows: " in criminal cases their power shall be fixed by law. Their powers, duties and responsibilities shall be regulated by law." In section 8 of the same article, Circuit Courts are given original jurisdiction " of all criminal cases, except such as may be cognizable by law by inferior courts."

Section 1 of chapter 3271 of Laws, approved February 4, 1881, especially provides that when any person is tried in any Circuit Court of this State for an offence of which such Circuit Court has original jurisdiction, and such person is found to be guilty of any lesser offence included in the offence for which indictment or information is filed against him, and for which he is being tried, and is not found guilty of the greater offence, he may be convicted in

said court and sentenced for such lesser offence, though it would be an offence of such a nature as would come originally within the jurisdiction of an inferior court. We cannot see that this statute is in conflict with the Constitution. In criminal cases the jurisdiction is determined by the charge made. When the court has acquired the jurisdiction in such a case by reason of such charge, it has, under the law, jurisdiction of all lesser offences included within such charge. Jurisdiction is determined by the indictment, and the motion in arrest of judgment was properly overruled and the judgment of the court below is affirmed.

*Ex parte* Donahue, 65 Cal., 474; State vs. Reaves, 85 N. C., 553; State vs. Pat Malloy, 30 La. Ann., 61; Ingle vs. The State, 4 Texas Ct. App., 91; Montgomery vs. The State, 4 Texas Ct. App., 140; Harberger vs. The State, Ib., 26; People vs. Holland, 59 Cal., 364.