A. J. WINBURN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Plaintiff in error was indicted and tried in the Circuit Court for an assault with intent to murder, and convicted of an assault and battery : *Held,* that the offense charged in the indictment determines the jurisdiction, and when the Circuit Court has acquired jurisdiction by reason of said charge, it has under the Constitution and statute jurisdiction of all lesser offenses included in the indictment and can pass sentence for the assault and battery, which is included in said indictment.

Writ of Error to the Circuit Court for Suwannee county.

The facts of the case are stated in the opinion of the court.

*J. S. White* for Plaintiff in Error.

Motion to remand to a justice of the peace, and motion in arrest of judgment should have been granted.

As to the jurisdiction. The Circuit Court shall have original jurisdiction of * * * * all criminal cases, not cognizable by inferior courts. Sec. 2, Art. V, Constitution, A. D. 1885.

They shall have final appellate jurisdiction in all criminal cases arising before justices of the peace. Sec. 2, Art. V, Constitution, A. D. 1885.

Justices of the peace shall have criminal jurisdic-

tion in such cases, except felonies, as may be prescribed by law. Sec. 22, Art. V, Constitution, A. D. 1885.

Justices of the peace shall have power to hold a court to hear and determine charges for offenses, etc., as follows : Cases of assault or assault and battery, not charged to have been committed riotously, or upon any officer, or with intent to commit any other crime. Laws of Florida, sec. 1, Chapter 3272, April 1st., A. D. 1881.

The act of Feb. 10th, A. D. 1832, Laws of Florida, providing such penalty for assault and battery, as the jury in their discretion might assess, within certain bounds, was rendered inoperative by act of A. D. 1868, and the Constitution of that year. It is not the law of the land now. Sec. 5, act Feb. 10th, A. D. 1832.

The right of appeal from an inferior court is a constitutional right, and the usurpation of trial jurisdiction by a purely appellate tribunal, illegally defeats the constitutional right of appeal.

Does the indictment in a case like the case at bar, determide the jurisdiction ? We think not. Sec. 1, Chapter 3271, act. Feb. 4th, A. D. 1881, provides, that when a person is tried in the Circuit Court for an offense of which such Circuit Court has original jurisdiction, and such person is found guilty of any *lesser offense included in the offense for which he is indicted and being tried.*

Then such Circuit Court may pass judgment, even though it be such an offense, as would come origi-

nally before a justice of the peace or an inferior tribunal. Laws of Florida, sec. 1, Chap. 3271, act Feb. 4th, A. D. 1881.

The *lesser offense* must be *included* within the charge expressed in the *indictment* on which he is *being tried*.

While we have doubts as to the constitutionality of this law, in toto, yet we contend, that admitting its constitutionality, that it does not cover the case at the bar.

Can a complete offense be carved out of an attempt?

Can you indict for an attempt, and convict under that indictment for a complete or substantive offense?

Plaintiff in error was indicted for assault with intent to murder—an *attempt* to murder—and *under that indictment* found guilty of assault and battery, and fined by the court $100 and costs.

In case of McLean vs. The State, the Supreme Court held, in the language of the statute, sec. 1, Chap. 3271, act Feb. 4th, A. D. 1881, that the Circuit Court could sentence for any lesser offense *included* within the charge set up in the indictment; but we submit, that the court do not mean to say that McLean could have been convicted of an attempt to steal the cow, under that indictment, and *vice versa*. McLean vs. The State, 23rd. Fla. Rept. page 281.

*Assault* and *assault* and *battery* are separate crimes. 2 Bishop, Vol. V, fifth edition, sec. 58.

An assault is an attempt, and *is* included in the *offense as charged in the indictment.* But there is no *battery* charged in this indictment. There is no *striking*, *wounding* nor *bruising* alleged, but only is it alleged that defendant, Winburn, threw a piece of iron at Bob Davis with intent, etc.

The court never having obtained jurisdiction by the indictment, surely the finding of the petit jury of an offense, not charged nor included in the indictment, nor within the original jurisdiction of such court, could not give the court jurisdiction to pass sentence, and it was therefore the duty of the court to remand the case to a justice of peace for trial, requiring reconizance of the defendant for his appearance thereat.

For like reasons, the motion in arrest of judgment should have been granted, and the refusal to so grant these motions, we submit was error.

*The Attorney-General* for Defendant-in Error.

MABRY, J.:

On the 7th day of August, A. D. 1990, during the summer term of the Circuit Court of the Third Judicial Circuit of Florida, for Suwannee county, the plaintiff in error was indicted for an assault with intent to murder one Bob Davis. The indictment charges that the plaintiff in error, " on the 4th day of August, A. D. 1890, at and in the county of Suwannee, circuit and

State aforesaid, with force and arms unlawfully and feloniously with a deadly weapon, to-wit : With a piece of iron which he, the said A. J. Winburn, then and there had and held in his hand, of the length of eighteen inches, and of the width of one and one-quarter inches, and of the thickness of one inch, and with a premeditated design to effect the death of one Bob Davis, in and upon him the said Bob Davis, then and there made an assault; and the said A. J. Winburn, the said piece of iron aforesaid, so had and held as aforesaid at him, the said Bob Davis, did then and there thrust and throw with a premeditated design him, the said Bob Davis, then and there to kill and murder contrary to the form of the statute in such cases made and provided.'' Plaintiff in error was at the Winter term, 1891, of said court, arraigned and tried upon said indictment, and convicted of an assault and battery. Upon the return of this verdict he made a motion to set aside the verdict and remand this cause to a justice of the peace of Suwannee county for trial, because the crime of assault and battery, of which he was convicted, is not within the jurisdiction of the Circuit Court, but within the jurisdiction of a justice of the peace, under the laws of Florida. This motion was overruled by the court, and defendant below then entered a motion in arrest of judgment for the following reasons : 1. The Circuit Court has no jurisdiction herein to try, determine and pass judgment for

assault and battery; 2. Because the jury herein having returned a verdict of assault and battery, failed to affix and assess the penalty and punishment herein prescribed, pursuant to statute under which conviction was had; 3. Because the crime of assault and battery is within the jurisdiction of the justice of the peace, and the Circuit Court's jurisdiction is purely appellate in reference to the grade of misdemeanors to which assault and battery belong; 4th. Because the crime of assault and battery is not included within the charge of assault with intent to murder, of which defendant stood indicted, and on which he was tried herein. This motion was overruled, and plaintiff in error adjudged to pay a fine of one hundred dollars and costs of the prosecution, from which judgment a writ of error is prosecuted to this court.

The errors assigned here are: 1. The court erred in overruling defendant's motion to remand said cause to a justice of the peace for trial, upon the finding of the jury herein. 2. The court erred in overruling defendant's motion in arrest of judgment. 3. The court erred in rendering and passing judgment upon and against defendant herein.

The testimony upon which the verdict was rendered is not before us, nor are there any other questions presented in the record except those arising upon the motions to remand to the justice of the peace, and in arrest of judgment. A consideration of the motion in arrest of judgment will dispose of the case. The sec-

ond ground of the motion in arrest of judgment, that the jury failed to affix and assess the punishment, has been expressly abandoned in the brief of counsel for plaintiff in error." It is not necessary, therefore, to consider this ground of the motion, but it will not be out of place to say that there is no law now in force here making it the duty of the jury in such cases to affix the penalty upon conviction. The court fixes the punishment within the limits prescribed by statute.

It is contended by counsel for plaintiff in error that the court had no jurisdiction to proceed further in the case when the jury returned a verdict of guilty against defendant for assault and battery. The original jurisdiction of circuit courts extends to all criminal cases not cognizable by inferior courts. Article V, sec. 11, Constitution of 1885. Justices of the Peace shall have jurisdiction in such criminal cases, except felonies, as may be prescribed by law. Article V, sec. 22, Constitution of 1885. By statute they are empowered to hear and determine cases of assault, or assault and battery, not charged to have been committed riotously, or upon any officer, or with intent to commit any other offense. McClellan's Digest. p. 662, sec. 1. It is further provided, however, "that where any person is tried in any Circuit Court of this State for an offense of which such Circuit Court has original jurisdiction, and such person is found to be guilty of any lesser offense included in the offense for which indictment or information is filed against him and for which he is being tried, and is not found guilty of the greater offense,

he may be convicted in said court and sentenced for such lesser offense, though it be an offense of such a nature as would come originally within the jurisdiction of an inferior court.'' Chapter 3271 Laws of Florida. The indictment preferred against plaintiff in error is for an assault with intent to murder, an offense exclusively within the jurisdiction of the Circuit Court. The charge in the indictment determines the jurisdiction. McLean vs. State, 23 Fla., 281. The Circuit Court having acquired jurisdiction of the offense charged in the indictment against the defendant, has under the law jurisdiction of all lesser offenses included within the said offense. ''If, then, the offense of which plaintiff in error was convicted, and for which he was sentenced by the court, is included in the charge of an assault with intent to murder, it is evident that there is no error in the judgment of the court.

The fourth ground of the motion in arrest of judgment is, that the crime of assault and battery is not included in the charge of assault with intent to murder. Counsel for plaintiff in error contends that an assault with intent to murder is a specific offense of an attempt to commit a crime, and that no substantive offense can be carved out of it. If the position assumed is that a charge of an assault with attempt to commit some substantive crime includes no lesser offense, it is not tenable. An assault with intent to murder includes a simple assault. Montgomery vs. State, 4 Texas Ct. App., 140; Givens vs. State, 6 Texas,

344; Gardenheir vs. State, *Ibid*, 348; Carpenter vs. State, 23 Ala., 84; State vs. Stedman, 7 Porter, 495; State vs. Kennedy, 7 Blackford, 233; McBride vs. State, 2 English (Ark.), 374. So under an indictment for assault with intent to ravish, a defendant may be convicted of a simple assault. Commonwealth vs. Fischblatt, 4 Metcalf, 354; State vs. Reaves, 85 N. C., 553. Under an indictment for assault with intent to commit mayhem the defendant may be acquitted of the intent charged, and convicted of an assault. McBride vs. State *supra*. An indictment for an assault with intent to rob will support a conviction for a simple assault. Dickerson vs. Commonwealth, 2 Bush, 1. But it was held in the cases of Givens vs. State, Carpenter vs. State, *supra*, and Dawson vs. State, 6 Texas, 347; Stewart vs. State, 5 Ohio, 241, and State vs. Bowling, 29 Tenn., (10 Humphreys), 51, that under an indictment for an assault with intent to murder, a defendant may be convicted of an assault and battery, upon the theory that the lesser offense is included in the greater. The same view is recognized in the case of State vs. Foster, 33 Iowa, 525. In the case of Boswell vs. State, 20 Fla., 869, the defendant was indicted for an assault with a deadly weapon with intent to murder. He attempted to set up by plea in bar the defense of a former conviction before a justice of the peace of an assault and battery, growing out of the same transactions for which he then stood indicted. The question before the court in that case was not the same that is now presented, but the Iowa case was quoted approvingly, and in the opin-

ion it is stated that "if the jury in the Circuit Court had found the defendant only guilty of an assault and battery, a minor offense for which he had been tried and convicted in the justice's court, then the plea *autrefois acquit* would have been a bar to a conviction in the Circuit Court; provided the same had been submitted to the jury with the plea of not guilty." The only basis for this plea in bar in the Circuit Court was that the charge for which the defendant was tried included the assault and battery. Under the indictment in the case before us the defendant was convicted of assault and battery, and the fine imposed by the court did not exceed that prescribed for simple assaults. Our conclusion is, that the court had jurisdiction to sentence the defendant for the lesser offense for which he was convicted, and that there was no error in over-ruling the motion in arrest of judgment. This conclusion is not in conflict with the decision in Warrock vs. State, 9 Fla., 404, where it was held that statute made assault and battery an assault with intent to kill equal in grade and the one not included in the other. If the court had jurisdiction to pass sentence upon the defendant, it follows of course that the court did not err in refusing the motion to remand the case to a justice of the peace for trial.

The judgment is affirmed.