PER CURIAM.
This cause is before us on appeal from a judgment of the Circuit Court in and for Osceola County. Appellant was convicted of the felony of trespass upon a ranch while armed with a rifle with intent to kill or possess a doe deer. The decision sought to be reviewed directly passes on the validity of Fla.Stat. § 822.23, F.S.A. (prohibiting trespass upon a ranch while armed with a dangerous weapon with intent to commit any larceny or depredation or other offense) and thereby gives this Court jurisdiction over the appeal pursuant to Fla.Const. Article V, Section 4(2), F.S. A.
*150 After argument and upon careful consideration of the record and briefs and applying the principles of ejusdem generis, we conclude that the Circuit Court correctly determined Fla.Stat. § 822.23, F.S.A., to be valid.
Appellant’s contention surrounding the sufficiency of the evidence, however, is meritorious.
The salient evidentiary events involved are as follows.
On July 8, 1970, the appellant (with another man) was observed by the state’s chief witness to be standing in a field off S.R. 60 in Osceola County, armed with a rifle. The witness was traveling in a vehicle at approximately 40 miles per hour. It was 7:00-7:15 P.M., with darkness arriving at approximately 7:30 P.M. The witness stopped, called to the men that they were under arrest, however, the men turned, walked into the woods and disappeared. The witness did not follow, did not hear any gun shot and did not observe appellant pointing the rifle. The witness did not know if the rifle was loaded and he did not observe any deer in appellant’s possession. Later that night a dead doe deer and fawn deer were found in the field near where the men had been standing. Also, that night, appellant’s son was observed driving a motor vehicle on S.R. 60. Appellant was arrested on July 10, 1970.
While the state contends the evidence sufficient to convict under Fla.Stat. § 822.-23, F.S.A., we are compelled to conclude it insufficient for that purpose.
If any facts material and necessary to a defendant’s guilt are left to implication or inference, the state has not met its burden of proving the crime beyond a reasonable doubt. Evidence showing only a probability of guilt is insufficient. Unfortunately, the state, sub judice, has not fulfilled its burden under Fla.Stat. § 822.23, F.S.A., however, the evidence as a whole does sufficiently establish appellant’s guilt under the omnibus provisions of the lesser offense prescribed in Fla.Stat. § 821.18, entitled “Other trespasses”, and we so hold. See Winburn v. State, 28 Fla. 339, 9 So. 694; Fla.Stat. § 924.34, F.S.A.
We have carefully examined appellant’s remaining contentions and find them to be without merit.
Accordingly, the judgment appealed from is affirmed in part and reversed in part and remanded for entry of a judgment and sentence thereon consistent herewith.
It is so ordered.
ROBERTS, Acting C. J., and ADKINS, McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents in part and concurs in part with opinion.
ERVIN, J., dissents with opinion.