COBB, Judge.
The defendant, Luis A. Vazquez, was charged with the felony of aggravated assault. The case was set for trial in the Circuit Court of Orange County. The transcript of the proceedings on the day of trial reads:
THE CLERK: Information Number CR81-2907, the State of Florida versus Luis Vazquez.
THE COURT: You are Luis Vazquez?
THE DEFENDANT: Yes, sir.
THE COURT: Is the state ready to proceed in this case?
MR. FENDERSON: Yes, sir.
THE COURT: Is the defense ready?
MR. KINANE: Yes, Your Honor. I think there are some matters that should go on the record.
THE COURT: All right. As I understand it, Mr. Fenderson, you are intending to proceed on the lesser included offense of assault rather than aggravated assault; is that correct?
MR. FENDERSON: That is correct.
THE COURT: Pursuant to the lowering of the charge to the lesser included offense, the court has indicated that if Mr. Vazquez is convicted on this charge, he would not be incarcerated, but he would be liable for up to six months of supervised probation and a fine of five hundred dollars which is the maximum penalty-
MR. KINANE: The defense would waive the right to a speedy trial in connection with that lesser included charge, Your Honor.
THE COURT: Do you want to invoke the rule?
MR. FENDERSON: No, sir.
MR. KINANE: No, Your Honor.
THE COURT: Do you wish to make an opening statement?
MR. FENDERSON: No, sir. I would just call my first witness.
THE COURT: All right.
MR. FENDERSON: The state would call Howard W. Boles.
******
The issue is whether or not the circuit court had jurisdiction to try and convict Vazquez for the misdemeanor offense of assault. Clearly, it did not. See §§ 26.012(2)(d) and 34.01, Fla.Stat. (1981). This issue of subject matter jurisdiction is fundamental and, as such, may be raised initially on appeal. Christopher v. State, 397 So.2d 406 (Fla. 5th DCA 1981). Misdemeanor jurisdiction cannot be conferred upon the circuit court by waiver or consent. Worley v. State, 396 So.2d 1153 (Fla. 2d DCA 1981).
The state’s argument is that jurisdiction in criminal cases is determined by the charge made in the information on indictment. See, e.g., McLean v. State, 23 Fla. 281, 2 So. 5 (1887); Winburn v. State, 28 Fla. 339, 9 So. 694 (1891). This argument is specious because in the instant case, unlike the factual situation in McLean and Winburn, the felony accusation was dismissed by the state prior to commencement of trial.[1] That is the only fair reading of the colloquy quoted above. Despite the fact that the state neglected to formally file a nolle prosequi and an amended information charging the misdemeanor of assault, that, in effect, is what it did. This was expressly acknowledged by the trial *1127 court, prior to trial, by its reference to “the lowering of the charge to the lesser included offense (assault).” At that point in time there remained no felony accusation to support circuit court jurisdiction. At the time trial commenced, the only charge pending against Vazquez was a misdemeanor.
The judgment and sentence below are quashed, and this cause is remanded to the Circuit Court of Orange County for formal dismissal by that court. Thereafter, the state may elect to proceed upon filing a new information in the appropriate trial court.
QUASHED and REMANDED.
SHARP, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.

. A non-jury criminal trial commences at the time jeopardy attaches, which is when the judge begins to hear evidence. Bernard v. State, 261 So.2d 133 (Fla.1972).