450 So.2d 203 (1984)
STATE of Florida, Petitioner,
v.
Luis A. VAZQUEZ, Respondent.
No. 63502.
Supreme Court of Florida.
March 8, 1984.
Rehearing Denied June 7, 1984.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
McDONALD, Justice.
The state petitions for review of Vazquez v. State, 427 So.2d 1125 (Fla. 5th DCA 1983), on the basis of conflict with McLean v. State, 23 Fla. 281, 2 So. 5 (1887), and Winburn v. State, 28 Fla. 339, 9 So. 694 (1891). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash Vazquez.
The state charged Vazquez with aggravated assault, a third-degree felony. At trial the state attorney acknowledged that *204 he would proceed on the lesser included offense of assault, a misdemeanor. After a nonjury trial, the court adjudicated Vazquez guilty of assault and imposed a fine.
On appeal Vazquez claimed that the circuit court had no jurisdiction to try him on a misdemeanor charge. The district court agreed, holding that the state had, in effect, nol prossed the felony charge, thereby divesting the circuit court of jurisdiction of the misdemeanor charge. The district court quashed the judgment and sentence and remanded for dismissal. We disagree with the district court's ruling.
Section 26.012(2)(d), Florida Statutes (1981), gives exclusive original jurisdiction to circuit courts "[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged." As pointed out in both McLean and Winburn, jurisdiction in criminal cases is determined by the charge made in the indictment or information. The information against Vazquez charged him with committing a felony, thereby giving the circuit court jurisdiction over his case. When a felony is charged, a conviction of a lesser included offense is not void because the circuit court also has jurisdiction of all lesser included offenses. § 26.012(2)(d); Winburn; McLean. Moreover, "[t]here is no rule which requires the state to prove the [felony] charge for the court to retain jurisdiction." Vazquez, 427 So.2d at 1127 (Upchurch, J., dissenting) (emphasis in original).
The central problem in this case is whether the state dropped the felony charge, thereby leaving only the misdemeanor over which, standing alone, the circuit court had no jurisdiction. We agree with Judge Upchurch that the state did not drop the felony charge against Vazquez. As stated in an opinion of the attorney general:
Nolle prosequi is a formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further, either as to some of the counts of the indictment, or as to part of a divisible count, or as to some of the persons accused, or altogether. Upon entry on the record, it amounts to a dismissal or nullification of the particular indictment or information and renders nugatory any proceedings carried on subsequently under the same indictment or information.
1958 Op. Att'y Gen. Fla. 058-169 (May 23, 1958) (emphasis supplied). The state made no formal entry on the record and, therefore, did not nol pros the felony charge. The words spoken by the trial court and the state attorney's response are not sufficient to divest the circuit court of jurisdiction. If the defense had been concerned about the procedure at the time, instead of only on appeal, it could have insisted that the state either present its case supporting the felony charge or else formally drop that charge on the record. We therefore quash the district court's decision and remand for further proceedings consistent with this opinion.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.