RYDER, Judge.
Appellant, Joe L. Hawkins (Hawkins), challenges the judgment adjudicating him guilty of possession of drug paraphernalia. Hawkins raises three issues, and our determination that the trial court lacked jurisdiction to try the ease renders the other two issues moot.
The information originally charged Hawkins with a felony (possession of cocaine) and a misdemeanor (possession of drug paraphernalia), which vested jurisdiction in the circuit court. Thereafter, the court granted Hawkins’ motion to dismiss the felony count. At this point, the circuit court no longer had jurisdiction over the misdemeanor count. See Woods v. State, 556 So.2d 493 (Fla. 1st DCA 1990) (state formally enters a nolle prosequi on the felony count, thereby divesting the circuit court of jurisdiction over the remaining misdemeanor charge). Cf. State v. Vazquez, 450 So.2d 203 (Fla.1984) (circuit court did not lose jurisdiction over misdemeanor charge when state failed to prosecute felony charge, because the felony charge was never formally dropped).
The facts in the instant case are controlled by Woods, because this case was not one in which the state decided at trial not to proceed on the felony charge. The felony count was formally dismissed by the court, when the court granted Hawkins’ motion to dismiss. The state contends that the case was heard by a county court judge, not a circuit judge; and therefore, should not be reversed. The state bases this argument on the fact that Circuit Judge Mills, sua sponte, declared himself a county court judge for that day. However, Judge Mills did not have the authority to confer this status upon himself, as he was not the chief judge. See Fla.R.Jud.Admin. 2.050(b)(4). Accordingly, Hawkins’ conviction and sentence are reversed.
SCHOONOVER, C.J., and DANAHY, J., concur.