Suit by Elizabeth Ann Wartmann Sherley and others against Wilton L. Johnson, as surviving executor and trustee of the will of E.L. Wartmann, deceased, for construction of the will and a codicil thereto. From a decree construing the codicil, plaintiffs appeal.
Reversed.
Although we are in accord with the definition of the word "each" as adopted in the opinion prepared by Mr. Justice Chapman we are unable to apply said definition to the word "each" as used in the codicil to the will which is before us for construction and reach the conclusion set forth in said opinion. The definition "every one of any number or aggregation consideredindividually" does not connote the collective sense of the word "all". (Italics supplied.)
As used in the will, the word "each" is a distributive adjective pronoun. In both common and legal parlance it implies individuality and separateness. A contrary significance should not be indulged, absent a clear, unequivocal indication from the language of the will and codicil that such was the testator's evident intention. It is our opinion that the word "each" should be given its primary meaning, for we do not find within the four corners of the will or codicil any justification for holding the testator intended that such word should be given a secondary connotation.
Moreover, it would have been a simple matter for the testator to have stated in this codicil that "my Trustees shall not turn over to the respective beneficiaries mentioned in said sub-section their respective portion of the body of the said estate until the youngest shall have reached the age of thirty years." This he did not do. Instead, he used the words "until each shall have become thirty years of age". In his will he fixed the age at twenty-one years and by this codicil raised it to thirty years. It is apparent that his original idea was to arrange for distribution as each should reach her majority, to-wit: twenty-one years of age. In changing the time for distribution to each from Twenty-one years to thirty years of age he clearly indicated and designated an age at which each, in his opinion, would be more mature, experienced and capable of handling her share of the estate. There is no logical reason for assuming that he would have chosen for the youngest girl the age of thirty years as an age when she would be thoroughly competent to handle her share of the estate and at the same time decide that her next older sister would attain that degree of competency when she became thirty-two years and approximately five months of age and, with reference to the oldest of these young women, decide that she would attain a sufficient degree of discretion and ability to manage her share when she might have reached the approximate age of thirty-five and one-half years.
The word "each" as used in the codicil to the will should be given its ordinary, usual and primary import and the construction placed upon such codicil should be *Page 122 
that distribution should have been and should be made separately to each of the appellants herein at the time when each individual attained or attains the age of thirty years. That is to say, distribution should have been made to Elizabeth Ann Wartmann Sherley on June 22d 1946; that distribution to Mary Louise Wartmann Van Lear should be made on July 10th 1949, and Mildred Alice Wartmann Waldon should receive her distributive share on December 29th 1951.
It is our conclusion that the decree construing the codicil to the will of E.L. Wartmann, deceased, is erroneous and should be reversed.
Reversed.
THOMAS, C.J., and ADAMS and BARNS, JJ., concur.
TERRELL, CHAPMAN and SEBRING, JJ., dissent.