313 So.2d 712 (1975)
Albert Edwin PATTERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 45268.
Supreme Court of Florida.
March 26, 1975.
*713 Louis O. Frost, Jr., Public Defender; and Steven E. Rohan, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
PER CURIAM.
This cause is before us on a petition for writ of certiorari to review the per curiam decision of the District Court of Appeal, First District, reported at 290 So.2d 72. Our jurisdiction is based on conflict[1] between the decision sought to be reviewed and Boley v. State,[2] Pope v. State,[3] and Norris v. State.[4]
Petitioner was charged by information with possession of marijuana and with selling marijuana. The court having reduced the first count to possession of less than five grams of marijuana, the jury found Petitioner not guilty as to the possession count but guilty of the sale of marijuana; he was sentenced to five years imprisonment.
The District Court of Appeal, First District, affirmed the judgment of the trial court per curiam without opinion,[5] having denied a motion to allow Petitioner to file an additional brief on the issue of the validity of the sentence imposed. Petitioner then filed a motion to correct and reduce sentence in the trial court, urging that since the information did not charge him with selling more than five grams, or with selling the marijuana for consideration, or with selling the marijuana to a person under the age of 21 years, the State had failed to charge him with the commission of a felony, so that a one-year sentence for a misdemeanor was the maximum penalty allowed. The trial judge denied the motion. Petitioner then filed his petition for writ of habeas corpus in this Court, which treated the petition as a notice of appeal and transferred it to the District Court of Appeal, First District; that court, per curiam without opinion, affirmed the judgment and sentence appealed.[6] Thereafter, this petition was filed.
Petitioner has provided this Court with a copy of a stipulation entered into by counsel for Petitioner and by an assistant state attorney which provides: (1) that there were two girls to whom the marijuana was delivered, one of whom was over the age of 21, while the other was under 21; (2) that the girl who was under 21 asked for *714 the marijuana, and it was delivered to the car of the older girl; (3) that Petitioner then offered the younger girl a marijuana cigarette, used paper provided by the older girl, and then gave the cigarette to the younger girl, who smoked it; (4) that there was no evidence of a prior conviction for narcotics use, possession, or sale; (5) that there was less than five grams involved, and (6) that there was no consideration given for the marijuana.
Petitioner contends that the decision under consideration conflicts with Boley and Pope, supra, and we agree. These cases deal with narcotics convictions wherein the District Courts reversed, finding that the informations were insufficient to charge the defendants with a felony. In Pope, the information charged that Pope
"[D]id unlawfully possess and have in his control a certain drug, to-wit: cannabis sativa, commonly known as marijuana, a more particular description of which is to the State Attorney unknown; ..."[7]
This was held to be insufficient to bring the accused to trial on a felony charge since Section 404.15(1), Florida Statutes, provided the exception that, if the first offense is possession or delivery of not more than five grams of cannabis, the defendant shall be guilty of a misdemeanor.[8] The District Court of Appeal, Second District, held in Pope, supra, that it is necessary for the information to charge that none of the exceptions apply before the information would be sufficient to charge a felony. In Boley, supra, the District Court of Appeal, Fourth District, applied the rule presented in Pope to a felony conviction arising from a two-count information which charged "delivery of marijuana and possession of marijuana" but which did not specify the quantity of marijuana, the consideration paid for the delivery or that the accused had been previously convicted under the Drug Abuse Law.
Further, Petitioner contends that the decision sub judice conflicts with Norris, supra, a case involving a prosecution for possession of explosives. If possession were found to have been with intent to harm, life, limb or property, the maximum penalty would have been ten years; if possession were found simply to be a knowing violation of the statute, a three-year penalty would have been the maximum allowed. In Norris, although the jury returned a verdict without any determination as to intent, the trial court entered a sentence under the statute requiring an intent to harm life, limb, or property; this sentence the District Court of Appeal vacated, remanding for further consideration. It is Petitioner's view, and we agree, that, sub judice, the verdict of guilty only of "SALE OF DANGEROUS DRUG AS CHARGED IN THE 2ND COUNT", is insufficient to show that the jury found Petitioner guilty of a felony. The second count of the information specifically charges that Petitioner
"... on the 11th day of May, 1972, in the County of Duval and the State of Florida, did then and there unlawfully and knowingly sell and dispense a certain dangerous drug, to-wit: Cannabis, commonly known as Marijuana, contrary to the provisions of Section 404.02(1), Florida Statutes."[9]
We have carefully examined the briefs and the record in the case and have heard oral argument by the parties. We conclude that the Petitioner is correct in his argument (1) that the information was insufficient to charge a felony since it failed to allege (a) that he had been previously convicted of a violation of the Drug Abuse Law, or (b) that the delivery was for a consideration, or (c) that the amount of *715 marijuana delivered exceeded five grams;[10] and (2) that under these circumstances, the case should be remanded for sentencing under the misdemeanor provision of the statute.
Accordingly, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ADKINS, C.J., and BOYD, McCAIN, DEKLE and OVERTON, JJ., concur.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution.
[2] 273 So.2d 109 (Fla.App. 1973); cert. dischg'd., 287 So.2d 668.
[3] 268 So.2d 173 (Fla.App. 1972); cert. dischg'd., 283 So.2d 99.
[4] 249 So.2d 746 (Fla.App. 1971).
[5] 281 So.2d 512 (Fla.App. 1973).
[6] 290 So.2d 72 (Fla.App. 1974).
[7] See Note 3, supra, 268 So.2d at 175.
[8] Presently renumbered as Section 893.13(1) (f), Florida Statutes.
[9] Presently incorporated in Section 893.13, Florida Statutes.
[10] Collins v. State, 271 So.2d 156 (Fla.App. 1973); cert. denied, 276 So.2d 170.