MILLS, Judge.
The defendant appeals from a judgment of conviction and sentence based on a jury verdict which found him guilty of possession of hashish as charged in the information. The issue is whether the state proved the charge it made against the defendant. It did not.
The state charged the defendant with unlawful possession of hashish, a Schedule I controlled substance, in violation of Section 893.13(1) (e), Florida Statutes. Although the state proved that the defendant had possession of hashish, it failed to offer proof that hashish was a Schedule I controlled substance which was prohibited by Section 893.13(1) (e), Florida Statutes. Hashish is neither listed in Schedule I nor mentioned in Chapter 893, Florida Statutes. Although cannabis is listed in Schedule I as a controlled substance, and is defined in Section 893.02(2), Florida Statutes, in such broad and general terms that it includes every compound, manufacture, salt, derivative, mixture or preparation of the plant or its seeds or resin, the state failed to offer evidence that hashish was a derivative of cannabis. In addition, the record before us fails to show that the trial court took judicial notice that hashish is a derivative of cannabis. The trial court erred in the denial of the defendant’s motion for judgment of acquittal.
We are precluded from ruling on whether the information charged defendant with a crime because the record furnished us fails to disclose that the trial court ruled on defendant’s motion in arrest of judgment.
*42 Reversed with directions to discharge the defendant.
RAWLS, Acting C. J., and SMITH, J., concur.