358 So.2d 583 (1978)
STATE of Florida, Appellant,
v.
Wayne M. STEWART, Christopher N. Girard, John A. Tudor, Appellees.
No. 76-140.
District Court of Appeal of Florida, Second District.
May 10, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
John T. Cook, South Pasadena, for appellee Tudor.
*584 Philip J. Padovano of Ruiz & Padovano, St. Petersburg, for appellee Girard.
J. Richard Rahter, St. Petersburg, for appellee Stewart.
GRIMES, Acting Chief Judge.
This appeal turns upon the interpretation of Patterson v. State, 313 So.2d 712 (Fla. 1975).
The appellees were charged in circuit court with selling marijuana.[1] Upon the authority of Patterson, the court dismissed the information as being insufficient to charge a felony because it failed to negate the elements of the marijuana misdemeanor offense described by Section 893.13(1)(f), Florida Statutes (1975).[2]
In Patterson the defendant was charged with and convicted of the sale of marijuana. The conviction was affirmed on appeal. The defendant then filed a motion to correct and reduce the sentence arguing that the state had failed to charge him with the commission of a felony so that a one year sentence for a misdemeanor was the maximum penalty allowed. The motion was denied, and this ruling was also affirmed. On certiorari from the latter decision, the supreme court agreed with the defendant's position and remanded for resentencing for the conviction of a misdemeanor.
According to the stipulated facts in Patterson, there was no evidence of a prior narcotics conviction, there was less than five grams involved and there was no consideration given for the marijuana. Therefore, under Section 893.13(1)(f) it was proper for the defendant to be convicted of no more than a misdemeanor. The difficulty with Patterson as it pertains to our review in the instant case lies in the following statement of the supreme court:
It is Petitioner's view, and we agree, that, sub judice, the verdict of guilty only of "SALE OF DANGEROUS DRUG AS CHARGED IN THE 2ND COUNT", is insufficient to show that the jury found Petitioner guilty of a felony. The second count of the information specifically charges that Petitioner
"... on the 11th day of May, 1972, in the County of Duval and the State of Florida, did then and there unlawfully and knowingly sell and dispense a certain dangerous drug, to-wit: Cannabis, commonly known as Marijuana, contrary to the provisions of Section 404.02(1), Florida Statutes."
We have carefully examined the briefs and the record in the case and have heard oral argument by the parties. We conclude that the Petitioner is correct in his argument (1) that the information was insufficient to charge a felony since it failed to allege (a) that he had been previously convicted of a violation of the Drug Abuse Law, or (b) that the delivery was for a consideration, or (c) that the amount of marijuana delivered exceeded five grams; and (2) that under these circumstances, the case should be remanded for sentencing under the misdemeanor provision of the statute.
In essence, the supreme court has said that in order to charge the felony sale of marijuana not only must there be a sale alleged but the information must also allege that the sale was not without consideration. Yet, how can it ever be that a sale could occur in the absence of consideration?
The state attempts to distinguish Patterson on the basis that the charge in that case was made under Section 404.02(1), Florida Statutes (1971), which prohibited only the delivery of marijuana. This contention *585 falls short because the word "delivery" was defined in Section 404.01(4), Florida Statutes (1971), to mean "selling, dispensing, giving away, leaving with or supplying in any other manner" and the Patterson information specifically alleged a sale.
The marijuana cases cited in Patterson are distinguishable because in those cases the informations did not allege a sale.[3] But, try as we will, we cannot distinguish the holding of Patterson, and we are bound to follow it under the dictates of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Because this point is likely to arise again and because it occurs to us that the supreme court may wish to revisit the language of its opinion in Patterson, we have decided to certify as a question of great public interest the following:
IN ORDER TO CHARGE A FELONY, MUST AN INFORMATION ALLEGING THE SALE OF MARIJUANA ALSO ALLEGE THAT (a) THE DEFENDANT HAS BEEN PREVIOUSLY CONVICTED OF A VIOLATION OF THE DRUG ABUSE LAW, OR (b) THE DELIVERY WAS FOR A CONSIDERATION, OR (c) THE AMOUNT OF MARIJUANA INVOLVED EXCEEDED FIVE GRAMS?
AFFIRMED.
OTT and RYDER, JJ., concur.
NOTES
[1] The information referred only to Section 893.13, Florida Statutes (1975), but we must assume the charge was laid under Section 893.13(1)(a) which reads in part:

(1)(a) Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance... .
[2] The pertinent portion of this section reads:

(f) If the first offense is the possession or delivery without consideration of not more than 5 grams of cannabis, that person shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 and s. 775.083... .
[3] Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), one of the cases upon which the supreme court's conflict certiorari jurisdiction in Patterson was predicated, contained the following statement in a footnote:

Additionally, we are aware that it is a felony to "sell," i.e., deliver for a consideration, any amount of cannabis... .