LETTS, Judge.
The information charged that the defendant did “unlawfully sell” a controlled substance to-wit marijuana under Section 893.-13(l)(a), Florida Statutes (1977). Pursuant thereto the defendant was convicted of a felony. We affirm.
The appeal centers round the Supreme Court case of Patterson v. State, 313 So.2d 712 (Fla.1975). In Patterson the defendant “was charged by information with possession . . . and with selling marijuana.” In construing this information the Supreme Court appeared to hold that the allegation of selling is insufficient unless it also alleges that the sale was for consideration. We agree that that is what it looks like the Supreme Court said at first blush and that being so, we would further agree with the Second District’s expression of wonder when it said “yet, how can it ever be that a sale could occur in the absence of consideration” State v. Stewart, 358 So.2d 583 (Fla.2d DCA 1978). However, it is our conclusion that a close examination of Patterson reveals that there was a factual stipulation “. . . that there was no consideration given for the marijuana.” Based on that, we agree that the Supreme Court was correct in its conclusion. Likewise we conclude that we are not trespassing upon the Supreme Court’s prerogative to change the law if we affirm this conviction.
AFFIRMED.
ANSTEAD, J. and WETHERINGTON, GERALD T., Associate Judge, concur.