374 So.2d 1381 (1979)
STATE of Florida, Petitioner,
v.
Wayne M. STEWART et al., Respondents.
No. 54177.
Supreme Court of Florida.
September 6, 1979.
*1382 Jim Smith, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for petitioner.
Philip J. Padovano, Tallahassee, John T. Cook, South Pasadena, and J. Richard Rahter, St. Petersburg, for respondents.
ALDERMAN, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, in State v. Stewart, 358 So.2d 583 (Fla. 2d DCA 1978). The district court has certified the following question:
In order to charge a felony, must an information alleging the sale of marijuana also allege that (a) the defendant has been previously convicted of a violation of the drug abuse law, or (b) the delivery was for a consideration, or (c) the amount of marijuana involved exceeded five grams?
We answer this question in the negative and quash the decision of the district court.
Defendants were charged with selling marijuana in violation of section 893.13, Florida Statutes (1975). Relying on Patterson v. State, 313 So.2d 712 (Fla. 1975), they filed motions to dismiss the information on the basis that it failed to allege that they previously had been convicted of a violation of the drug abuse law, or that the delivery of marijuana was for consideration, or that the amount of marijuana delivered was in excess of five grams. The trial court granted the motions to dismiss, and the State appealed. The district court, feeling bound by the broad language of Patterson, affirmed the trial court's dismissal of the information because of the following statement made by this Court in Patterson:
It is Petitioner's view, and we agree, that, sub judice, the verdict of guilty only of "SALE OF DANGEROUS DRUG AS CHARGED IN THE 2ND COUNT", is insufficient to show that the jury found Petitioner guilty of a felony. The second count of the information specifically charges that Petitioner
"... on the 11th day of May, 1972, in the County of Duval and the State of Florida, did then and there unlawfully and knowingly sell and dispense a certain dangerous drug, to-wit: Cannabis, commonly known as Marijuana, contrary to the provisions of Section 404.02(1), Florida Statutes."
We have carefully examined the briefs and the record in the case and have heard oral argument by the parties. We conclude that the Petitioner is correct in his argument (1) that the information was insufficient to charge a felony since it failed to allege (a) that he had been previously convicted of a violation of the Drug Abuse Law, or (b) that the delivery was for a consideration, or (c) that the amount of marijuana delivered exceeded five grams; and (2) that under these circumstances, the case should be remanded for sentencing under the misdemeanor provision of the statute.
313 So.2d at 714-15. The district court reluctantly concluded that Patterson required it to hold in the present case that to charge a felony an information, in addition to alleging a sale of marijuana, must also allege that the sale was not without consideration. The district court, in certifying this case to us, suggests that we take another look at the overly broad language in Patterson and asks, "How can it ever be that a sale could occur in the absence of consideration?"
Patterson involved different circumstances than are presented in the case now before us. Patterson was charged with possession and with selling marijuana; however, the State in that case stipulated that *1383 there was no consideration given for the marijuana, that there was less than five grams involved, and that this was Patterson's first offense. Without consideration, there could be no sale, and under the provisions of section 404.15(1), Florida Statutes (1971), the defendant could only be found guilty of a misdemeanor. The language used in Patterson was broader than necessary in light of the factual circumstance presented.
In a recent decision, the Fourth District in Jackson v. State, 365 So.2d 414 (Fla. 4th DCA 1978), considered the appeal of a defendant who had been convicted of a felony based upon an information charging that he did "unlawfully sell" marijuana. In affirming the conviction in that case, Judge Letts, writing for the district court, correctly perceived that our decision in Patterson was based upon the factual stipulation in that case that no consideration had been given for the marijuana. The Fourth District's decision in Jackson is consistent with our decision in the present case.
Section 893.13(1)(a), Florida Statutes (1975), provides:
(1)(a) Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
.....
2. A controlled substance named or described in s. 893.03(1)(c), (2)(c), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
.....
Section 893.13(1)(f), Florida Statutes (1975), provides:
If the first offense is the possession or delivery without consideration of not more than 5 grams of cannabis, that person shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 and s. 775.083. For purposes of this subsection, "cannabis" shall not include the resin extracted from the plant Cannabis sativa, [L.,] or any compound manufacture, salt, derivative, mixture, or preparation of such resin.
The legislature, in enacting section 893.13, did not define the term "to sell." When a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense. We have consistently held that it is appropriate to look to the ordinary dictionary definition of common words used in legislation. It is commonly understood that a sale involves more than a delivery. It is not necessary to allege that a sale is not without consideration because, by common understanding, consideration is a part of every sale. Cf. Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99. From the plain language of section 893.13, the intent of the legislature is clear  the sale of any amount of marijuana is a felony. It is also clear that anyone charged with selling marijuana is being charged with a felony. To judicially require the charging document to include a redundant allegation of consideration serves no purpose. It is a meaningless technicality that does not protect the substantive right of the defendant, nor does it promote the sound administration of justice.
Therefore, we conclude that to charge a felony an information alleging a sale of marijuana need not also allege that the defendant has been previously convicted of a violation of the drug abuse law, or that delivery was for consideration, or that the amount of marijuana exceeded five grams. Patterson is limited to its peculiar facts, and, to the extent that it is inconsistent with the present case, it is overruled.
Accordingly, the decision of the district court is quashed, and this cause is remanded for further proceedings consistent herewith.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.
ADKINS, J., dissents.