381 So.2d 276 (1980)
Debbie Lynn MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 78-860/T4-94.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
*277 Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Chief, Appellate Division, and Gary S. Israel, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.
UPCHURCH, Judge.
The Appellant was convicted by a jury under an information which charged that:
Debbie Lynn Marshall, on the 29th day of March, 1977, in said County and State, did in violation of Florida Statute 893.13(1)(a), unlawfully, deliver CANNABIS, commonly known as Hashish, a substance controlled by Florida Statute 893.03(1)(c).
Two points have been raised on appeal. Our opinion will be limited to the first point. Point II is disposed of by our opinion in Murray v. State, 378 So.2d 111 (Fla. 5th DCA 1980).
Appellant contends that the court could not sentence Appellant as a felon when the information failed to charge a felony. The record reflects that Appellant entered a plea of not guilty, went to trial and moved for a new trial without objection to the information, and made no motion to correct or reduce sentence.
In Patterson v. State, 313 So.2d 712 (Fla. 1975), defendant was convicted for the sale of a dangerous drug. The information alleged that the defendant did "unlawfully and knowingly sell and dispense a certain dangerous drug to wit: Cannabis, commonly known as Marijuana, contrary to the provisions of Section 404.02(1), Florida Statutes." The court found as follows:
We have carefully examined the briefs and the record in the case and have heard oral argument by the parties. We conclude that the Petitioner is correct in his argument (1) that the information was insufficient to charge a felony since it failed to allege (a) that he had been previously convicted of a violation of the Drug Abuse Law, or (b) that the delivery was for consideration, or (c) that the amount of marijuana delivered exceeded five grams; and (2) that under these circumstances, the case should be remanded for sentencing under the misdemeanor provision of the Statute.
The Patterson case cited with approval Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972); cert. discharged 283 So.2d 99 (Fla. 1973). Pope also held that in order to charge a felony under section 404.15(1), Florida Statutes, it was necessary to allege facts making the "exception" inapplicable: that the offense of delivery or possession was not a first offense, or that more than the five grams of cannabis was involved. Section 404.15(1) is now found in section 893.13(1)(f), but with the following additional sentence:
For the purposes of this section, "cannabis" shall not include the resin extracted from the plant Cannabis sativa, L, or any compound manufacture, salt, derivative, mixture, or preparation of such resin.
See also State v. Stewart, 358 So.2d 583 (Fla. 2d DCA 1978).
We do not find Patterson, Stewart, or Pope controlling because the substance involved was marijuana (Cannabis sativa) and not hashish as in the case now before us. The case, Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974), recognized that hashish is extracted resin of cannabis. The added sentence in section 893.13(1)(f) quoted above, takes hashish out of the misdemeanor category established by the first sentence of that section. The misdemeanor exception is applicable only to Cannabis sativa, L, commonly known as marijuana, and not to cannabis commonly known as hashish. Section 893.13(1)(a)(2) establishes that the unlawful delivery of any amount of cannabis, commonly known as hashish, is a felony of the third degree because of its *278 inclusion in section 893.03(1)(c), Florida Statutes.
While it would undoubtedly be better form to include in an information after hashish the phrase, "a resin extracted from the plant Cannabis sativa, L," in this instance it was not necessary. The omission is not such a fundamental defect as would render the information challengeable for the first time on appeal. A variance in an information is fatal only if the record reveals a possibility that the defendant may have been misled or embarrassed in the preparation or presentation of his defense. Sharp v. State, 328 So.2d 503 (Fla. 3d DCA 1976).
The record contains nothing whatever to indicate that the Appellant did not know that she was being tried for a felony, or that she was not aware that the "cannabis" involved was "hashish."
AFFIRMED.
DAUKSCH, C.J., and SHARP, J., concur.