SHAW, Judge.
Appellant was charged in a three-count information with the possession of barbiturates with intent to distribute, possession of marijuana with intent to distribute, and possession of hashish with intent to distribute in violation of Section 893.13, Florida Statutes. The trial court imposed separate, concurrent five-year sentences on each of the three counts.
Appellant contends that the possession of hashish and the possession of marijuana are the same crime, to wit: the possession of cannabis. To impose two separate sentences for the single offense is therefore illegal. We agree.
The applicable statute defines cannabis as:
“Cannabis” means all parts of the plant of the species Cannabis sativa, L., including all varieties thereof, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin. It does not include the mature stalks of the plant; fiber produced from the stalks; oil or cake made from the seeds of the plant; any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake; or the sterilized seed of the plant which is incapable of germination. Section 893.02(2), Florida Statutes, (1977).
Hashish, by name, is not an enumerated controlled substance listed in Chapter 893. Casey v. State, 330 So.2d 41 (Fla. 1st DCA 1976). It is, however, the extracted resin of the plant Cannabis sativa, and fits within the above definition of “cannabis”. It appears, therefore, that possession of hashish is punishable only by virtue of the fact that it is, by definition, cannabis.
Section 893.13(l)(f), Florida Statutes (1977), is a penalty section which provides that:
If the first offense is the possession or delivery without consideration of not more than 5 grams of cannabis, that person shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 and s. 775.083. For purposes of this subsection, “cannabis” shall not include the resin extracted from the plant Cannabis sativa, L., or any compound, manufacture, salt, derivative, mixture, or preparation of such resin.
The net effect of the subsection is to make delivery or possession of less than 5 grams of cannabis, by a first offender, a misdemeanor except when the cannabis is in its resin form. Possession or delivery then becomes a felony regardless of amount. Marshall v. State, 381 So.2d 276 (Fla. 5th DCA 1980). The subsection merely delineates when the offender can be sentenced for a felony as opposed to a misdemeanor. In this instance the distinction is academic in that the appellant was convicted of possession of more than 5 grams of marijuana and possession of hashish. He may, therefore, be sentenced as a felon, but not for two separate felonies resulting from possession of cannabis in two different forms. Brainard v. State, 380 So.2d 1302 (Fla. 2d DCA 1980); accord, Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974).
Accordingly, we vacate appellant’s sentence for possession of hashish with intent to distribute and remand to the trial court for proceedings consistent with this opinion.
McCORD and BOOTH, JJ., concur.