Mr. Ernest Ellison Auditor General State of Florida Post Office Box 1735 Tallahassee, Florida 32302
Dear Mr. Ellison:
This is in response to your request for an opinion on substantially the following question:
 IS THE REQUIREMENT CONTAINED IN s 240.243, F.S., THAT EACH FULL-TIME EQUIVALENT TEACHING FACULTY MEMBER AT A UNIVERSITY WHO IS PAID WHOLLY FROM STATE FUNDS TEACH A MINIMUM OF 12 CLASSROOM CONTACT HOURS PER WEEK, FULFILLED IF THE AVERAGE OF SUCH HOURS PER WEEK OF ALL FACULTY MEMBERS AT A UNIVERSITY IS EQUAL TO THE MINIMUM OF 12 CLASSROOM CONTACT HOURS?
Subsection (2) of s 240.243, F.S., in pertinent part, provides: `Each full-time equivalent teaching faculty member at a university who is paid wholly from state funds shall teach aminimum of 12 classroom contact hours per week at such university.' (e.s.) Paragraph (1)(b) of s 240.243 defines `classroom contact hour' as `a regularly scheduled 1-hour period of classroom activity in a course of instruction which has been approved by the university.' Subsection (2) provides that `full-time equivalent teaching faculty member' is to `be interpreted to mean all faculty personnel budgeted in the instruction and research portion of the budget, exclusive of those full-time equivalent positions assigned to research, public service, administrative duties, and academic advising.' There are certain exceptions to this minimum teaching requirement contained in subsection (2) of s 240.243 not relevant to this opinion.
The legislative intent of a statute is to be determined from the plain language of the statute and such statute is to be construed and applied in the form enacted, for the Legislature is presumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute. Thayer v. State,335 So.2d 815 (Fla. 1976). Where the legislative intent is manifested by the language employed in a statute when considered in its ordinary and grammatical sense, resort to rules of statutory construction is unnecessary. See, Reino v. State, 352 So.2d 853
(Fla. 1977); Miami Bridge Co. v. Railroad Commission, 20 So.2d 356
(Fla. 1944); Clark v. Kreidt, 199 So. 333 (Fla. 1940). Words in a statute should be given meaning accorded them in common usage unless a different connotation is expressed in or necessarily implied from the context of the statute in which they appear. Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950). When a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense. Milazzo v. State,377 So.2d 1161 (Fla. 1979); State v. Stewart, 374 So.2d 1381 (Fla. 1979); Pedersen v. Green, 105 So.2d 1 (Fla. 1958). The Legislature has not supplied the meaning of the word `each' as used in s 240.243, F.S., and therefore, it must be construed in its plain and ordinary sense.
The word `each' when used as an adjective, means `[o]ne of two or more persons, objects, or things considered individually or one by one; every.' The American Heritage Dictionary of the English Language 408 (1979). The word is defined by Black's Law Dictionary 597 (Rev. 4th ed. 1968) as a `distributive adjective pronoun, which denotes or refers to every one of the persons or things mentioned; every one of two or more persons or things, composing the whole, separately considered.' In Sherley v. Johnson,38 So.2d 121 (Fla. 1948), the Florida Supreme Court stated that `the word `each' is a distributive adjective pronoun. In both common and legal parlance it implies individuality and separateness. A contrary significance should not be indulged, absent a clear, unequivocal indication.'
The language of s 240.243, F.S., is clear and free from ambiguity and must be interpreted using the plain and ordinary meaning of the words employed. The statute clearly provides that each
full-time equivalent teaching faculty member who is paid wholly from state funds must teach a minimum of 12 classroom contact hours per week. The statute does not provide, nor can it fairly be implied, that an average of all faculty members can be derived for purposes of compliance with the statute. I am therefore constrained to conclude that the statute requires that every such faculty member paid wholly from state funds must teach at least the minimum 12 classroom contact hours per week. Compare the language in section 10 of Committee Substitute for Senate Bill 466 which failed to pass during the 1983 Legislative Session stating, inter alia, `[t]he full-time equivalent faculty positions appropriated by the Legislature in the instructional and research program component shall generate an average of 9 classroom contact hours per week.'
In conclusion, it is therefore my opinion, until judicially or legislatively determined otherwise, that s 240.243(2), F.S., requires each and every full-time equivalent teaching faculty member at a university who is paid wholly from state funds to teach a minimum of 12 classroom contact hours per week; the statutory requirements are not fulfilled if only the average of such classroom contact hours for all such faculty members is equal to the minimum of 12 classroom contact hours.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General