Mr. Ken Glassman Chief of Police City of Miami Beach Police Department 120 Meridian Avenue Miami Beach, Florida 33139
Dear Chief Glassman:
This is in response to your request for an opinion on substantially the following questions:
 1. WHEN A LAW ENFORCEMENT OFFICER IS UNDER INVESTIGATION BY MEMBERS OF HIS AGENCY, MAY INVESTIGATORS ADVISE THE OFFICER THAT HE MAY BE SUBJECT TO DISCIPLINARY ACTION IF HE FAILS TO OBEY AN ORDER TO GIVE AN ADMINISTRATIVE STATEMENT FOR DEPARTMENTAL INTERNAL REVIEW?
 2. IS A LAW ENFORCEMENT OFFICER UNDER INVESTIGATION BY MEMBERS OF HIS AGENCY LEGALLY ENTITLED TO REVIEW EVIDENCE OR SPECIFIC STATEMENTS OF COMPLAINANTS PRIOR TO INTERROGATION?
Your inquiry states that the above questions arise in the context of Part VI of Ch. 112, F.S., and more specifically under s.112.532, F.S., granting certain "rights and privileges" to law enforcement officers employed by an employing agency. See, s.112.531(1), F.S., defining "law enforcement officer" as "any person, other than a chief of police, who is employed full time by any municipality . . . and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state;" and see s. 112.531(3), F.S., defining "employing agency" as, inter alia, "any municipality . . . which employs law enforcement officers" as therein defined. Section 112.532(1), F.S., provides in part pertinent to your questions as follows:
 Whenever a law enforcement officer . . . is under investigation and subject to interrogation by members of his agency for any reason which could lead to disciplinary action, demotion, or dismissal, such interrogation shall be conducted under the following conditions:
* * *
 (d) The law enforcement officer . . . shall be informed of the nature of the investigation prior to any interrogation, and he shall be informed of the name of all complainants.
* * *
 (f) The law enforcement officer . . . under interrogation shall not be subjected to offensive language or be threatened with transfer, dismissal, or disciplinary action. No promise or reward shall be made as an inducement to answer any questions. (e.s.)
QUESTION ONE
It should be noted preliminarily that, with respect to the protection accorded by the Fifth and Fourteenth Amendments to the United States Constitution prohibiting compelled self-incrimination in criminal cases, a public employee who refuses to testify as to a matter concerning which his employer is entitled to inquire may be discharged for insubordination, but such answers as may be given in such testimony may not be used against him in a subsequent criminal proceeding. See, Uniformed Sanitation Men Association, Inc. v. Commissioner of Sanitation of the City of New York, 392 U.S. 280 (1968); Gardner v. Broderick,392 U.S. 273 (1968); Garrity v. New Jersey, 385 U.S. 493 (1967). See also, Grabinger v. Conlisk, 320 F. Supp. 1213, 1219
(N.D.Ill. 1970), aff'd., 455 F.2d 490 (7th Cir. 1972), noting "that a law enforcement officer is in a peculiar and unusual position of public trust and responsibility, and by virtue thereof, the public body has an important interest in expecting the officer to give frank and honest replies to questions relevant to his fitness to hold public office" (citing to Beilan v. Board of Public Education, School District of Philadelphia, 357 U.S. 399 [1958]. Cf., Farmer v. City of Fort Lauderdale, 427 So.2d 187 (Fla. 1983).
Section 112.532(1)(f), F.S., plainly provides that a law enforcement officer under investigation and subject to interrogation by members of his agency for any reason which could lead to disciplinary action, demotion, or dismissal "shall not . . . be threatened with . . . disciplinary action" during such interrogation. Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984); Milazzo v. State,377 So.2d 1161 (Fla. 1979); State v. Stewart, 374 So.2d 1381
(Fla. 1979). The verb "threaten" has been defined as meaning to alarm or attempt to alarm, as with the promise of something evil or disagreeable, or to coerce. 86 C.J.S. Threaten, p. 784. And see, Black's Law Dictionary 1327 (5th Ed. 1979), defining "threat" as "any menace of such a nature and extent as to unsettle the mind of the person on whom it operates, and to take away from his acts that free and voluntary action which alone constitutes consent." See also, Random House Dictionary of the English Language Threat, p. 1478 (Unabridged ed. 1966) ("threat" is "a declaration of an intention or determination to inflict punishment, injury, death, or loss on someone in retaliation for, or conditionally upon, some action or course").
Based on the plain terms of the statute and the foregoing definitions, I am unable to conclude that investigators may advise a law enforcement officer under investigation by members of his agency that he may be subject to disciplinary action if he fails to obey an order to give an administrative statement for departmental internal review. Rather, I am of the view that such course of conduct constitutes the type of threatening action prohibited by the terms of the first sentence of s. 112.532(1)(f), F.S. An examination of the second sentence of s. 112.532(1)(f) indicates that the subsection relates to prohibited means of inducing an officer to answer questions during interrogation, whether by threats or rewards. One of the fundamental rules of statutory construction is that the legislative intent must be ascertained and effectuated and that intent must be gathered from consideration of the statute as a whole. Paskind v. State ex rel. Salcines, 390 So.2d 1198 (2 D.C.A.Fla., 1980); State ex rel. Register v. Safer, 368 So.2d 620 (1 D.C.A. Fla., 1979). A consideration of s. 112.532(1)(f) as a whole compels the conclusion that the subsection operates to prohibit investigators from inducing a law enforcement officer under investigation by his agency to make a statement by threatening disciplinary action if he fails to obey an order to make such a statement. Accordingly, your first question is answered in the negative.
QUESTION TWO
Section 112.532(1)(d), F.S., grants a law enforcement officer under investigation and subject to interrogation by members of his agency for any reason which could lead to disciplinary action, demotion, or dismissal the right to "be informed of the nature of the investigation prior to any interrogation," and further grants such officer the right to "be informed of the name of all complainants." The statute does not provide a specific definition of the phrase "nature of the investigation." Therefore, such phrase must be accorded its plain and ordinary meaning. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, supra; Milazzo v. State, supra; State v. Stewart, supra. "Nature" in the sense employed in s. 112.532(1)(d) would appear to mean "kind, sort, type, or . . . general character." See, 65 C.J.S. Nature, p. 55.
Thus, the officer's right pursuant to s. 112.532(1)(d), F.S., to be informed of the nature of the investigation prior to interrogation requires only that he be informed of the kind, sort, type, or general character of the investigation; it does not require affirmative disclosure of specific items of evidence or specific statements of complainants. Similarly, the officer's right to be informed of the name of all complainants requires nothing more than that he be furnished with such names. Cf., s.112.533(2)(a), F.S., providing that a complaint filed against a law enforcement officer with a law enforcement agency and all information obtained pursuant to such agency's investigation of the complaint shall be confidential until the conclusion of the internal investigation or at such time that the investigation ceases to be active without a finding relating to probable cause; and s. 112.533(2)(c), F.S., providing a limited exception to confidentiality for complaints and information which may be disclosed to law enforcement agencies and state attorneys in the conduct of a lawful criminal investigation. See also, AGO 83-90 (limited confidentiality for complaints against law enforcement or correctional officers applies to complaints filed by anyone).
Accordingly, your second question is answered in the negative.
In sum, then, and unless and until legislatively or judicially determined otherwise, it is my opinion that, pursuant to s.112.532, F.S.,
 1. Investigators may not advise a law enforcement officer under investigation by members of his agency that he may be subject to disciplinary action if he fails to obey an order to give an administrative statement for departmental internal review, and
 2. Such officer is not legally entitled to review evidence or specific statements of complainants prior to interrogation.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General