Dye, J.
The defendant stands convicted, following a jury trial in the former Bronx County Court, on an indictment charging that he ‘ ‘ feloniously did have and carry concealed upon his person, a certain pistol, revolver and firearm which was then loaded with ammunition, without a written license therefor ”, in violation of section 1897 of the Penal Law. The conviction has been affirmed in the Appellate Division, First Department. This appeal is here by permission, so that we may consider whether a " frisk" by police officers leading to the discovery of the concealed loaded firearm (a .38 caliber police positive pistol, containing five live shells in its chamber) in a brief case being carried by defendant was unreasonable within the meaning of the Fourth Amendment requiring suppression.
The record indicates that the New York City Police Department had been investigating defendant as to his complicity and connection with “another matter” Which had occurred June 15, 1959. By prearrangement, on the morning of October 30, 1959, three city police officers went by squad car to an office building in which the defendant was known to have an office, and parked at the curb. At about 10:30 a.m. they observed the defendant Pugach, carrying a brief case, enter the office building. Two of the officers followed him into the building, accosted him by the elevator and spoke to him about the “other matter”, following which he was asked to accompany them and, with an officer on either side, he was escorted to the parked squad car. There they AA-ere joined by a *68 third officer. One officer entered the rear seat of the squad car followed by the defendant and another officer. The third officer entered the front seat at the right of the driver. While all were so seated, the officers seated on either side of defendant in the rear seat proceeded, in police parlance, to “frisk” the defendant. The latter was then wearing a blue coat with a belt which the officers asked him to untie. As he did so, the defendant put the brief case which he had been holding on his lap with the handle and opening toward his body on the car floor between his feet. The officers completed the ‘ ‘ frisk ’ ’ without incident, after which defendant retied the belt to his coat, reached down, picked up the brief case and placed it on his lap as before with the opening near his body. One of the officers seated at his side then reached over, took the brief case and, as he testified, ‘ ‘ put it on the floor in front of me between my legs ’ ’. He unzipped the fastening, looked in, saw a gun and exclaimed: ‘ ‘ Look what I found ’ ’, at the same time showing the brief case to his fellow officers. The gun it contained was then removed, the chamber broken and five live shells fell out. The defendant was then asked if he had a permit. He replied he did not. He was then asked: ‘ ‘ Why are you carrying it? ” and he answered by saying that he would give an explanation ‘ ‘ at the right time and place ’ ’. The officers then drove with defendant to the station house.
At the trial the defendant took the stand to testify some time previously that a police officer had given him the gun for use in self-defense against alleged blackmailers who were threatening him with bodily violence. The police officer called in rebuttal categorically denied that he had given defendant the gun and then testified affirmatively that since June 15, 1959 he had been investigating defendant as to the “ other matter ”. The questions put to him both on direct and on cross-examination by the defense counsel were carefully framed to prevent any disclosure as to what the subject of the “ other matter” might have been. Thus the record is silent as to why the defendant had been under surveillance or what was said in the conversation between the defendant and the officers just before he was asked to enter the squad car. The defendant now says that, absent a record showing as to the “ other matter ”, no probable cause existed for an arrest, absent which the search *69 of his brief case was illegal and the fruits thereof unavailable as evidence against him.
The Fourth Amendment, as we know, proscribes ‘ ‘ unreasonable ” searches and seizures. The determination of unreasonableness depends on surrounding facts and circumstances and, as we have said, “involves a balancing of interests”. We recently dealt with the reasonableness of a routine “frisk” made by police officers as an incident in the detention of a pedestrian whose actions had aroused the officers’ suspicions and whether the fully loaded gun thus obtained should have been suppressed. Under the facts adduced, we were satisfied that a “frisk” of a defendant was a reasonable and constitutionally permissive precaution to minimize the danger to a policeman who is trying to determine whether a crime has been or is about to be committed; in other words, that a ‘ ‘ frisk ’ ’ is distinguishable from a constitutionally protected search. We took pains to point out that the right to “frisk” is justified as an incident to an inquiry upon grounds of safety and precaution which might not initially sustain a search (People v. Rivera, 19 A D 2d 863, revd. 14 N Y 2d 441). The fact that the loaded gun was found concealed in the brief case, rather than in a pocket of defendant’s clothing, affords no ground for saying that this “ frisk ” was in reality a constitutionally protected search. The loaded firearm concealed in the brief case carried in the hands of the defendant was in the language of the statute “ concealed upon his person ” (Penal Law, § 1897). For purposes of the trial on the gun charge, the disclosure of the “ other matter ” was unnecessary in light of proof that the defendant and four others had been under surveillance for several months; that a police officer had fraternized with the defendant for the purpose of procuring information as to his complicity and participation in the “ other matter ” and that he was, in fact, being taken to a police station for further questioning. Under all the circumstances the inclusion of the brief case in the “frisk” was not so unreasonable as to be constitutionally illegal. In the view which we have taken it is unnecessary to consider whether the arrest prior to the search of the brief case was unlawful.
Accordingly, the judgment should be affirmed.