268 So.2d 173 (1972)
Darrell Lynn POPE, Appellant,
v.
STATE of Florida, Appellee.
No. 72-30.
District Court of Appeal of Florida, Second District.
September 27, 1972.
Rehearing Denied November 1, 1972.
*174 Walter R. Talley, Public Defender, and Edwin T. Mulock, Asst. Public Defender, Bradenton, for appellant.
*175 Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
Darrell Pope pleaded guilty in circuit court to an information charging a violation of the Florida Drug Abuse Law, to-wit: possession of marijuana as condemned by Chapter 404, Florida Statutes 1971, F.S.A. He appeals the judgment of conviction of a felony, and consequent sentence of two years in the state penitentiary, contending that he is only amenable to conviction for a misdemeanor and to an appropriate sentence therefor. His contention appears well taken, as will be apparent, but we perceive an even more fundamental defect in the judgment and sentence herein and must reverse for this reason.
The material allegations of the information herein charge that:
"DARRELL POPE ..., on the fourth day of October, [1971] ... did unlawfully possess and have in his control a certain drug, to-wit: cannabis sativa, commonly known as marijuana, a more particular description of which is to the State Attorney unknown; and contrary to Chapter 404, Florida Statutes, ... ."
It is crucial to note that no specific amount of cannabis sativa (marijuana) is alleged to have been possessed nor is it alleged that the accused had previously been convicted under the Drug Abuse Law. This is crucial because the applicable statute, § 404.15, F.S. 1971, F.S.A.,[1] provides that:
"(1) For a first conviction [the accused] shall be guilty of a felony of the third degree, punishable as provided in sections 775.082, 775.083, and 775.084; except that if the first offense is the possession or delivery without consideration of not more than five (5) grams of cannabis, he shall be guilty of a misdemeanor of the first degree... ."
(Italics supplied)
Clearly, under this section, an accused is charged with a felony only under one of two sets of circumstances: either (1), if he had been previously convicted of a violation of the Drug Abuse Law, regardless of the amount of cannabis (marijuana) involved, or (2), if not previously so convicted,[2] the amount of cannabis he allegedly possessed or delivered without consideration exceeded five grams.[3] One or the other of these sets of circumstances, therefore, must be substantially alleged in order to charge a felony. Moreover, and more importantly, such allegation is essential to the invocation of the jurisdiction of a felony court over the charge since the allegata of the accusatory writ are precisely the basis in the first instance upon which the court's jurisdiction over the subject matter thereof is predicated.[4] Neither is alleged here and consequently the circuit court, which has felony jurisdiction only, did not acquire jurisdiction of the subject matter. Its judgments in the premises are therefore void.[5]
In principle, situation is not unlike one wherein an indictment or information charges larceny, generally, without sufficient *176 allegations from which it can be determined that the charge necessarily makes out the felony of grand larceny rather than petit larceny, a misdemeanor. Apart from due process considerations, involving notice to an accused of the nature of the offense with which he is charged, the felony court does not acquire jurisdiction because the allegata of the accusatory writ omit the essentials to make out a felony. If a crime is charged at all it is a misdemeanor.[6] Moreover, such a defect, being jurisdictional, cannot be cured by consent nor waived by guilty plea.[7]
We reject the argument of the state that the burden rests with the defendant to show, as a defensive matter, that he is a first offender of the Drug Abuse Law and that he was possessed of five grams or less of the marijuana involved. Jurisdictional allegations are as essential in an accusatory writ as are those relating to the elements of the charged offense itself;[8] and the burden of alleging these essentials in each case rests upon the accuser if he would press his charge in a competent forum.[9]
In view of the foregoing, therefore, we hold that the judgment and sentence herein are void; and the cause is remanded with directions to quash the information with leave either to amend or to refile in the appropriate court depending upon the allegations upon which the state intends to rely as they may relate either to the amount of marijuana possessed or as to whether the defendant is a second or subsequent offender under the Drug Abuse Law.
Reversed and remanded with directions.
LILES, A.C.J., and MANN, J., concur.

ON REHEARING
McNULTY, Judge.
In the opinion previously filed herein we expressly held that in order to charge the felony of possession of marijuana, as condemned by the Drug Abuse Law,[1] and to vest jurisdiction in a felony court, it is essential to allege either, (1) that the accused had been previously convicted of a violation of the Drug Abuse Law, regardless of the amount of marijuana involved or, (2) if he had not been previously so convicted, that the amount of marijuana possessed exceeded 5 grams. Now, in its petition for rehearing the state suggests that we overlooked the provisions of Rule 3.140(k)(4), R.Cr.P., 33 F.S.A. which provides:
"Exceptions; Excuses; Provisos. Statutory exceptions, excuses or provisos relative to offenses created or defined by statute need not be negatived by allegation."
We did not overlook this rule. To the contrary, we were, and are, very much aware of it. But the rule is inapplicable here. It relates solely to defenses to the charge and not to essentials of the charge itself. For example, under the Drug Abuse Law with which we are here concerned, it would be an "exception," "excuse" or "proviso" "relative" to the offense of possession of a controlled drug if such possessor is a pharmacist, physician, law enforcement officer or other person permitted by § 404.04, F.S. 1971, F.S.A., to possess such drugs within the scope of his duties. Certainly, we would agree, an accusatory writ alleging unlawful possession of a controlled drug need not and should not negate each *177 exception. The rule takes care of this situation and is, accordingly, a rule of procedure and expedience.
But as we noted in our opinion, this case is, clearly analogous to a larceny charge in which the essential element of the value of the property allegedly stolen, i.e., one hundred dollars or more, must be alleged both to charge the felony of grand larceny and to vest jurisdiction in the felony court. These are essential elements going to the substance of the felony charge and are not "exceptions" to guilt thereof which may be raised as a defense or as a legal "excuse." Rule 3.140(k)(4), supra, is therefore inapplicable in these cases.
Rehearing denied.
LILES, A.C.J., and MANN, J., concur.
NOTES
[1] Effective date July 1, 1971, Chapter 71-107, Laws of Florida 1971.
[2] The "first conviction" spoken of in § 404.15, supra, must necessarily mean a conviction under the Drug Abuse Law itself, rather than of a felony generally. This becomes abundantly clear when that section is read in pari materia with the general punishment provisions of §§ 775.082, 775.083 and 775.084, F.S. 1971, F.S.A., which are expressly cited therein as noted in the quoted portion thereof.
[3] Additionally, we are aware that it is a felony to "sell," i.e., deliver for a consideration, any amount of cannabis. See § 404.01, F.S. 1971, F.S.A., defining "delivery". But this is irrelevant to the possession charge herein involved.
[4] Cf., McLean v. State (1887), 23 Fla. 281, 2 So. 5. See, also, 9 Fla.Jur., Criminal Law, § 93, et seq.
[5] 9 Fla.Jur., Criminal Law, id.
[6] Cf., State ex rel. Shargaa v. Culver (Fla. 1959), 113 So.2d 383.
[7] See, e.g., State v. Evans (Fla.App. 1969), 225 So.2d 548, cert. denied 229 So.2d 261, cert. denied 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668. See, also, 9 Fla.Jur., Criminal Law § 95 and cases cited therein.
[8] See, n. 4, supra.
[9] Once jurisdiction for the higher offense is properly vested in the higher court, of course, conviction may be had for a lesser included offense even though that court would not have had jurisdiction in the first instance if the lesser offense were solely charged. See, 9 Fla.Jur., Criminal Law, § 94 and cases cited therein. See, also, McLean, n. 4, supra.
[1] § 404.15, F.S., 1971, F.S.A.