273 So.2d 109 (1973)
John BOLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 72-411.
District Court of Appeal of Florida, Fourth District.
February 12, 1973.
Rehearing Denied March 7, 1973.
*110 Fred D. Leone, Law Offices of George Ritchie, Cocoa, and Larry Klein, of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William W. Herring, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant was convicted of felonies charged by a two-count information with delivery of marijuana and possession of marijuana. The information did not specify the quantity of marijuana involved and neither did it state the consideration for the delivery, nor that defendant had been previously convicted of violating the Drug Abuse Law. Thus, the charges, as a matter of law, were only misdemeanors and not felonies. Pope v. State, Fla.App. 1972, 268 So.2d 173.
We digress to point out that the defendant was convicted in the Court of Record in and for Brevard County, Florida. Said court's jurisdiction is as follows:
"Section 2. The court of record in and for Brevard county shall have jurisdiction of all criminal cases not capital, both felonies and misdemeanors, including driving while intoxicated and all other traffic offenses which shall arise in Brevard county." Ch. 65-672(2), Laws of Florida.
We further note that in 1967 the name of the Brevard county small claims court was changed to the Magistrates Court of Brevard County and its jurisdiction changed so that it had exclusive jurisdiction of all misdemeanors. Ch. 67-1018, Laws of Florida (1967). In 1969 its jurisdiction was further changed:
"(b) In addition to the civil jurisdiction now being exercised by such court, such court shall have general jurisdiction of all misdemeanors, including traffic offenses which shall be committed in Brevard County, provided however, that any court exercising felony jurisdiction in Brevard County may exercise concurrent misdemeanor jurisdiction in those cases where a person accused of a felony is also in the same information accused of a misdemeanor allegedly committed during or contemporaneously with the act giving rise to the felony accusation. The criminal process of such court shall run throughout the State. Such court shall be a court of record and shall have all of the powers inherent to courts of record generally, and the Clerk of such court shall keep a record of all acts and judicial proceedings done in such court." Ch. 69-531, Section 1(b), Laws of Florida (1969) (Emphasis added.)
From the above it appears that the trial court in this instance had misdemeanor jurisdiction only when the misdemeanor charge was included in an information charging a felony.
The information in this case wholly failed to charge any felony; thus, it is clear that the charges being only misdemeanors could not be tried in the court of record and, thereby, the conviction therein as felonies was void for lack of jurisdiction, misdemeanor jurisdiction being lodged in the Magistrates Court of Brevard County.
Inasmuch as the conviction must be reversed and the cause remanded for a new trial, we further note two additional errors: a) the court erred, as admitted by the state on appeal, in allowing the state to cross-examine the defendant, over defense objection, concerning the defendant's military service where the testimony was irrelevant and defendant had not put his good character in issue; b) it was error to deny in part the defendant's motion for statement of particulars.
The judgment is reversed and the cause remanded with instructions to quash the information and to allow the state to *111 amend or re-file the information in the appropriate court, depending on what it wishes to allege. Pope v. State, Fla.App. 1972, 268 So.2d 173.
Reversed and remanded.
CROSS and MAGER, JJ., concur.