Opinion
MARSHALL, P. J.
Defendant (hereinafter alternatively appellant) was arrested and later convicted for a violation of section 12025 of the Penal Code, which reads, in pertinent part, as follows:
“(b) Any person who carries concealed upon his person any pistol, revolver, or other firearm capable of being concealed upon the person without having a license to cany such firearm ... is guilty of a misdemeanor ....”
The .facts giving rise to defendant’s arrest and subsequent conviction are set forth in the trial judge’s engrossed settled statement and are, briefly, as follows: On the afternoon of January 26, 1975, defendant arrived at the Los Angeles International Airport to meet his sister’s incoming flight. Since he himself was booked on a flight the following day, he took his luggage with him, intending to store it in an airport locker overnight. The airport X-ray inspection equipment revealed a handgun in defendant’s suitcase. Defendant testified that he had packed his suitcase three or four days prior to this incident and had completely forgotten that he had included his 9mm semi-automatic pistol. The suitcase was locked.
Defendant’s sole contention on appeal is that his conduct did not constitute a violation of section 12025 in that the weapon was not carried concealed upon his person. Appellant does not dispute the fact that the weapon was both carried and concealed
Appellant asserts that the Legislature meant, by the phrase “upon his person,” a man’s attire or clothing exclusive of handbags, attache cases, suitcases, and the like. With respect to a woman, however, appellant argues that the legislative intent was to include such items as purses and *Supp. 14 handbags within the meaning of the phrase. Respondent aptly points out that such a reading of section 12025 would lead to the “bizzare [sic] result” that men could legally carry concealed weapons in purses and attache cases but that women would be in violation of the law if they attempted to do the same thing. Such a result would be not only bizárre but also unconstitutional.
We hold that the Legislature intended to proscribe the carrying of concealed weapons by both men and women and that a handgun concealed in a suitcase and carried by appellant is sufficiently “upon his person” to constitute a violation of section 12025. While our research reveals no California case directly on point, we find a New York Court of Appeals case, People v. Pugach (1964) 15 N.Y.2d 65 [255 N.Y.S.2d 833, 204 N.E.2d 176] to be persuasive. Pugach is legally on all fours with the instant case. In Pugach a loaded gun was found inside a brief case carried by defendant. The New York court saw no significance in “[t]he fact that the loaded gun was found concealed in the brief case, rather than in a pocket of defendant’s clothing, . . .” The court declared that a “loaded firearm concealed in the brief case carried in the hands of the defendant was in the language of the statute ‘concealed upon his person’ (Penal Law, § 1897).” (255 N.Y.S.2d, at p. 836.)
The judgment is affirmed.
Cole, J., and Alarcon, J., concurred.