336 So.2d 1233 (1976)
Angell ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-399.
District Court of Appeal of Florida, Fourth District.
August 13, 1976.
Rehearing Denied October 5, 1976.
*1234 Robert S. McCain, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Linda Collins Hertz, Asst. Atty. Gen., and Joseph F. Iracki, Legal Intern, Miami, for appellee.
PER CURIAM.
This is an appeal from a judgment of guilty of carrying a concealed firearm in violation of Section 790.01(2), Florida Statutes (1973), entered by the circuit court.
There are two legal issues for us to resolve, since the jury has resolved all factual issues against the appellant. Because it is undisputed that the firearm in question (a pistol)[1] was in a closed briefcase the appellant was carrying, the first question we must answer is whether a pistol in a closed briefcase carried by an individual is on or about the person of that individual so as to fall within the proscription of Section 790.01(2).[2] Florida has not yet answered that question. Illinois, which has a statute similar to Section 790.01(2), has held that a pistol in a closed suitcase is on or about a person holding the suitcase. People v. Foster, 32 Ill. App.2d 462, 178 N.E.2d 402 (1961). New York, which has a statute that proscribes carrying weapons upon the person, held in People v. Pugach, 15 N.Y.2d 65, 255 N.Y.S.2d 833, 204 N.E.2d 176 (1964), that the defendant violated this statute by carrying a pistol in a closed briefcase. Most jurisdictions agree with the two foregoing cases. See Annot.: Concealed Weapons, 43 A.L.R.2d 492, § 12[a]. We therefore hold that one who carries a firearm in a closed briefcase can be guilty of violating Section 790.01(2).[3]
The other question we must answer is more complex because it involves the doctrine of prior jeopardy. That question (framed below) arises from the following events. On August 6, 1974, the state filed in the County Court for Broward County information number 74-31854 mm charging that appellant on June 6, 1974 "did unlawfully and secretly carry on or about her person a concealed weapon, to wit: a pistol ..., contrary to F.S. 790.01,". On August 15th appellant filed a paper containing a plea of not guilty, a waiver of formal arraignment, and a request for 10 days to file defensive motions. (It does not appear that appellant filed any defensive motions.) On September 10, 1974, case number 74-31854 mm came on for nonjury trial before the county court. After the state's first witness began giving testimony, the appellant raised an objection to testimony that a pistol was involved in the action. A *1235 lengthy colloquy among counsel for the parties and the court ensued. At the end of that colloquy the county court announced it was dismissing the case because it had no jurisdiction over the cause, and it thereafter entered the following written order: "IT IS, ORDERED THAT THIS CASE BE, AND THE SAME IS HEREBY DISMISSED. BY COURT FOR LACK OF COURTS JURISDICTION." On September 27, 1974, the state filed in the Circuit Court for Broward County information number 74-3097-CF charging that appellant on June 6, 1974 "did unlawfully, feloniously and secretly carry on or about her person a concealed firearm, to-wit: a .45 caliber automatic pistol, contrary to F.S. 790.01(2)." On February 11, 1975, appellant filed a motion to dismiss the cause (Case No. 74-3097) on the grounds of prior jeopardy. On March 3, 1975, Case No. 74-3097 came on for jury trial. After the jury was sworn, the parties argued the motion to dismiss, and the court denied it. The jury found appellant guilty as charged. The circuit court entered judgment pursuant to the jury's verdict and sentenced the appellant to three years imprisonment.
The second appellate question before us is whether under the circumstances of this case, the county court's dismissal of the first charge against the appellant constituted jeopardy. If it did, then the doctrine of prior jeopardy (which the appellant timely asserted) precluded the second prosecution in the circuit court. The answer to this question turns on the answer to another question: did the county court have jurisdiction to try the appellant upon the charge, "unlawfully and secretly carry[ing] on or about her person a concealed weapon to wit: a pistol, a better and more particular description of said weapon being to the State Attorney unknown, contrary to F.S. 790.01,"? The second question and its answer are crucial to this case because the doctrine of prior jeopardy does not preclude a second prosecution upon a particular act if the first prosecution was in a court that did not have jurisdiction over the subject matter of the offense charged. See cases cited at: 9 Fla.Jur., Criminal Law § 431, 21 Am.Jur.2d Criminal Law, § 171; 22 C.J.S. Criminal Law § 244, p. 643; Annot.: Double Jeopardy  Court's Jurisdiction, 4 A.L.R.3d 874; §§ 3-4; Annot.: Double Jeopardy  Stopping Prior Trial, 6 A.L.R.3d 905, § 3.
In Pope v. State, 268 So.2d 173 (Fla.2d DCA 1972), the court recognized that the allegations of the charging document determine whether the court in which the state files the document has jurisdiction over the cause.[4] The Pope case is helpful here because its fact pattern is similar to that of the present case. There, the state filed in the circuit court an information alleging that the defendant: "on the fourth day of October, [1971] ... did unlawfully possess and have in his control a certain drug, to-wit: cannabis sativa, commonly known as marijuana, a more particular description of which is to the State Attorney unknown; and contrary to Chapter 404, Florida Statutes,... ." 268 So.2d at 175. The defendant pleaded guilty to the charge; the circuit court entered a judgment of conviction of a felony and sentenced him to two years in the state penitentiary. The defendant appealed, contending that under the information filed against him he was "only amenable to conviction for a misdemeanor." 268 So.2d at 175. Noting that the information did not allege that the defendant possessed a specific amount of marijuana or that the defendant was a previous drug offender, the district court of appeal held that (under the statute involved) the information failed to show whether the defendant was charged with a misdemeanor or a felony and thereby failed to show that the circuit court (which had felony jurisdiction only) had jurisdiction over the cause. The district court thereupon reversed the judgment of conviction on the ground that it was void. The court also remanded the cause "with directions to *1236 quash the information with leave either to amend or to refile in the appropriate court depending upon the allegations upon which the state intends to rely... ." 268 So.2d at 176. See, too, Brack v. State, 293 So.2d 108 (Fla.2d DCA 1974).
We hold that the first information the state filed was as invalid as the one in the Pope case because it too failed to show whether the appellant was charged with a misdemeanor or a felony. On the one hand the first part of the information appears to charge the appellant with carrying a concealed weapon. Under Section 790.01(1), Florida Statutes (1973), such an act is a misdemeanor.[5] On the other hand the information also appears to charge the appellant with carrying a concealed firearm.[6] Under Section 790.01(2), Florida Statutes (1973), such an act is a felony.[7] The culminating deficiency of the information is its allegation that the unlawful act (whatever it may have been) violated "F.S. 790.01,". The failure to specify a violation of either Section 790.01(1) or Section 790.01(2) caps the confusion surrounding the first information the state filed against the appellant because of its vagueness and repugnancy.[8] That information was invalid.
Since the first information the state filed did not show that jurisdiction was in the county court (the county court has criminal jurisdiction to try only misdemeanor cases, Article V, Section 6(3), Florida Constitution; Section 34.01, Florida Statutes (1973)), that court's dismissal of the information for lack of jurisdiction was proper. We hold that jeopardy did not attach to the first prosecution and that the second prosecution was proper.
We therefore affirm the judgment and sentence appealed from.
WALDEN and DOWNEY, JJ., and ULMER, RAY E., Jr., Associate Judge, concur.
NOTES
[1] A pistol is a firearm. Davis v. State, 215 So.2d 626 (Fla.3d DCA 1968).
[2] "Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree... ."
[3] Compare State v. Butler, 325 So.2d 55 (Fla.3d DCA 1976), which held that an individual can be guilty of violating § 790.01(2) by having a pistol in a closed center console of an automobile.
[4] See, too, 22 C.J.S. Criminal Law § 127, pp. 344-345.
[5] "Whoever shall carry a concealed weapon on or about his person shall be guilty of a misdemeanor of the first degree...."
[6] See footnote 1.
[7] See footnote 2.
[8] As to repugnancy see generally 22 C.J.S. Criminal Law § 102.