439 So.2d 306 (1983)
Ernest Tyrone YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1180.
District Court of Appeal of Florida, Fifth District.
October 6, 1983.
*307 James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves disjunctive allegations in an information which ambiguously seek to invoke the jurisdiction of the circuit court. The appellant was charged by information with two counts which alleged that on two different dates appellant did "unlawfully and feloniously sell or deliver to another person, cannabis, a controlled substance commonly known as marijuana, in violation of Florida Statute 893.13(1)(a)(2); third degree felony" (emphasis supplied).
Cannabis is a controlled substance named in section 893.03(1)(c), Florida Statutes (1981). Section 893.13(1)(a)(2) makes it a third degree felony for "any person to sell ... or deliver ... a controlled substance named or described in s. 893.03(1)(c)... ." However, section 893.13(1)(f) provides that the delivery without consideration of not more than 20 grams of marijuana is a misdemeanor of the first degree.
An information which charges delivery of cannabis without specifying the amount of the cannabis delivered or alleging that the delivery was for consideration charges only a misdemeanor. Boley v. State, 273 So.2d 109 (Fla. 4th DCA 1973), cert. discharged, 287 So.2d 668 (Fla. 1973); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla. 1973). On the other hand, the word "sale" by definition means a delivery with consideration and is therefore sufficient in itself to charge a felony. State v. Stewart, 374 So.2d 1381 (Fla. 1979). Therefore, the information in this case alleges that appellant either committed a felony or a misdemeanor.
A circuit court has jurisdiction of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged. § 26.012(2)(d), Fla. *308 Stat. (1981). A county court has jurisdiction over all misdemeanor cases not cognizable by the circuit courts. § 34.01(1)(a), Fla. Stat. (1981). When an information charges only a misdemeanor a circuit court has no subject matter jurisdiction over the case. Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978); Boley, 273 So.2d 109; Pope, 268 So.2d 173. When a court lacks subject matter jurisdiction it has no power to decide the case and any judgment entered is absolutely null and void, can be set aside and stricken from the record on motion at any time and may be collaterally attacked. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926).
Florida Rule of Criminal Procedure 3.140(o) relating to sufficiency as to the form of a charging document is not controlling here. This rule does not validate constitutional and jurisdictional infirmities.[1] The issue in this case is not the accused's due process right to notice of the charges but his right to be tried by a court which possesses the sovereign power to try the case.[2] This sovereign power is the subject matter jurisdiction of the court. Such subject matter jurisdiction must be properly invoked and perfected.[3]
In State v. Black, 385 So.2d 1372 (Fla. 1980), the Supreme Court of Florida held that a conviction obtained pursuant to a grand jury indictment which did not facially indicate the jurisdiction of the court was void. The court stated "Proper jurisdictional allegations are as essential in an accusatory writ as are those relating to material elements of the crime." Citing Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972); Conner v. State, 29 Fla. 455, 10 So. 891 (1892). Id. at 1375. In Black, the court answered in the affirmative the certified question "Is a grand jury indictment insufficient to sustain a conviction when it fails to specify the place where the crime allegedly occurred, even though this allegation is subsequently supplied by a bill of particulars, the defendant is not hindered in the preparation or presentation of his defense, and the situs of the crime is proven at trial?"[4]
We have previously held that an information which alleged in the alternative[5] a felony or a misdemeanor was insufficient to invoke the jurisdiction of the circuit court. See Nelson v. State, 398 So.2d 920 (Fla. 5th DCA 1981).
Because the circuit court's jurisdiction was not properly invoked it did not have jurisdiction and appellant's convictions are void and are
REVERSED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] An information or indictment which wholly fails to allege a crime by totally omitting an essential element cannot be cured by a bill of particulars. "[T]he total omission goes to the jurisdiction of the trial court." Brewer v. State, 413 So.2d 1217, 1220 (Fla. 5th DCA 1982), pet. den. 426 So.2d 25 (Fla. 1983). See also State v. Gray, 435 So.2d 816 (Fla. 1983); State v. Black, 385 So.2d 1372, 1375 (Fla. 1980).
[2] It is because judicial subject matter jurisdiction is a sovereign power that its lack cannot be remedied by the acquiescence or consent of the parties. Justice Whitfield notes these distinctions in an in-depth discussion of subject matter jurisdiction in Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926).
[3] See Florida Power & Light Co. v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982), review denied, 434 So.2d 887 (Fla. 1983).
[4] Cf. Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982) (failure to allege venue, while fundamental defect, may not be presented for first time on appeal). Tucker is being reviewed by the Florida supreme court, case No. 62,683.
[5] We recognize that disjunctive pleading is not always bad as when the words or concepts alleged in the alternative are legal equivalents. In some circumstances it is specifically permitted. See State v. Rand, 231 So.2d 31 (Fla. 3d DCA 1970); Fla.R.Crim.P. 3.140(k)(5). Had the information in the instant case alleged the "sale or delivery of more than 20 grams of cannabis" it would have alleged alternative means of proving a felony and would have properly invoked the jurisdiction of the circuit court.