455 So.2d 628 (1984)
Robert G. FIKE, Appellant,
v.
STATE of Florida, Appellee.
No. 83-568.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
*629 Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
En Banc.
FRANK D. UPCHURCH, Jr., Judge.
Fike appeals from a judgment and sentence for the sale of marijuana. The information alleged that Fike "did unlawfully and feloniously sell or deliver to another person, Cannabis."
The first question we address is whether the information was sufficient to invoke the jurisdiction of the circuit court. An information which charges delivery of cannabis without specifying the amount of the cannabis delivered or without alleging that the delivery was for consideration charges only a misdemeanor. Boley v. State, 273 So.2d 109 (Fla. 4th DCA 1973), cert. discharged, 287 So.2d 668 (Fla. 1973); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla. 1973). On the other hand, the word "sale" by definition means a delivery with consideration and is therefore sufficient in itself to charge a felony. State v. Stewart, 374 So.2d 1381 (Fla. 1979). Thus, the information in this case alleges that Fike either committed a felony or a misdemeanor.
In Nelson v. State, 398 So.2d 920 (Fla. 5th DCA 1981) and Young v. State, 439 So.2d 306 (Fla. 5th DCA 1983), this court held that an information which alleged in the alternative a felony or a misdemeanor was insufficient to invoke the jurisdiction of the circuit court. We now recede from our decisions in Nelson and Young. Fike was charged with and convicted of a felony. The court had jurisdiction to try the felony charge. We treat the portion of the information which alleged only a misdemeanor as mere surplusage. On this point we conflict with Rogers v. State, 336 So.2d 1233 (Fla. 4th DCA 1976), cert. dism., 348 So.2d 952 (Fla. 1977), and Pope.
Fike also contends that it was error for the court not to permit testimony regarding the reputation for truth and veracity of the state's principal witness, Lyndon Bodner. The testimony was to the effect that Bodner's reputation in the "legal community" was questionable. However, the "legal community" apparently consisted of criminal defense attorneys, rather than the bar as a whole. As the court pointed out in Florida East Coast Railway Co. v. Hunt, 322 So.2d 68 (Fla. 3d DCA 1975), cert. den., 336 So.2d 600 (Fla. 1976), the rule regarding use of reputation evidence from one's working community should not be applied so as to confine the testimony to particular employees. Rather, the evidence must retain the quality of being "general." See 29 Am.Jur.2d Evidence § 347 (1967). Here, the community was too narrow and thus the exclusion of the reputation testimony was proper.
AFFIRMED.
COBB, C.J., and ORFINGER and SHARP, JJ., concur.
DAUKSCH, J., dissents with an opinion in which COWART, J., concurs.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
I would adhere to our previous cases, cited in the majority opinion, and reverse the conviction for sale of cannabis. The state should be required to directly, specifically and concisely charge a person with a crime and not be duplicitous about it. To charge both a felony and a misdemeanor in one single count is duplicitous. The majority would excuse this ineptness or negligence by treating the misdemeanor words as surplusage and confirm jurisdiction in the felony court. Why not treat the felony words as surplusage and send the case to misdemeanor court? Better yet, why not make the state do it right by reversing the conviction for lack of jurisdiction; that is both logical and fair. Nothing prevents the state from prosecuting under a proper information, except perhaps the statute of limitation. If the statute has run then it is *630 the state's fault and it is they who need the lesson.
COWART, J., concurs.