SHARP, Judge.
Mobley appeals from the trial court’s revocation of her probation, and sentence of one year imprisonment. She pleaded nolo contendere to Count II of an information which stated in relevant part:
DORIS MOBLEY of the County of Her-nando, and the State of Florida, on the 18th day of November, 1981, in the County and State aforesaid did unlawfully and feloniously sell or deliver to another person, Cannabis, a controlled substance commonly known as Marijuana, in violation of Florida Statute 893.3(l)(a)(2) [893.-13(l)(a)(2)]_ (Emphasis supplied).
The information fails to allege that the delivery was for an amount in excess of twenty grams or that it was for consideration. The information charges Mobley with committing a felony, or alternatively, a misdemeanor.[1]
In Young v. State, 439 So.2d 306 (Fla. 5th DCA 1983), we held that a similarly worded information did not properly invoke the jurisdiction of the circuit court, because it failed to charge the commission of a felony. See also Nelson v. State, 398 So.2d 920 (Fla. 5th DCA 1981). However, we recently receded from that view. Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984). Accordingly, the judgment is
AFFIRMED.
ORFINGER, J., concurs.
COWART, J., dissents with opinion.

. State V. Stewart, 374 So.2d 1381 (Fla.1979); Boley v. State, 273 So.2d 109 (Fla. 4th DCA 1973), cert. discharged, 287 So.2d 668 (Fla.1973); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla.1973).