471 So.2d 676 (1985)
Bobby Lee CANTY, Appellant,
v.
STATE of Florida, Appellee.
No. BA-167.
District Court of Appeal of Florida, First District.
July 2, 1985.
*677 Michael E. Allen, Public Defender, and Sue Carter Collins, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Canty appeals his conviction and sentence for the lesser offense of possession and delivery of less than twenty grams of cannabis, a misdemeanor. We reverse on the basis that the trial court erred in failing to instruct the jury on Canty's defense theory of entrapment. However, we feel it necessary to discuss Canty's alternative point under which he challenged the circuit court's subject matter jurisdiction.
Relevant to that latter issue is the fact that Canty was charged by information with the unlawful sale, delivery, or possession of cannabis, contrary to section 893.13(1)(a)2, Florida Statutes, a third degree felony. The information was captioned simply "Information For Sale or Delivery of Cannabis," and did not allege the amount of cannabis sold or delivered, or that the sale or delivery was for consideration. Seizing on those omissions, Canty argues that an information which charges the delivery of cannabis, without specifying the amount of cannabis delivered or alleging that it was for consideration, charges the misdemeanor offense of possession or delivery without consideration of not more than twenty grams of cannabis. Section 893.13(1)(f), Fla. Stat. (1983). Canty reasons that since the information also charged a sale, which by definition includes delivery with consideration, it charged either a felony or a misdemeanor, thereby robbing the circuit court of subject matter jurisdiction to try him. Canty advances that argument on the authority of Rogers v. State, 336 So.2d 1233 (Fla. 4th DCA 1976), cert. dismissed, 348 So.2d 952 (Fla. 1977), and Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla. 1973), but notes an interdistrict conflict between those opinions on the one hand, and the Fifth District Court of Appeal's decision in Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984) on the other.
In Fike, involving an information which charged both a felony and a misdemeanor, the court receded from its earlier opinions which were aligned with Rogers and Pope, and held instead that the circuit court had jurisdiction to try the felony charge, choosing to treat the portion of the information which alleged only a misdemeanor as "mere surplusage." 455 So.2d at 629.
The State, obviously relying on Fike, also argues that the allegations in the information were made specific by the inclusion of the precise statutory section allegedly violated, viz, section 893.13(1)(a)2, which is a felony. The State further contends that the new, liberal, rules of discovery worked to prevent any handicap in the preparation of Canty's defense, thereby allowing the State more "conclusory" pleading in its information, citing to McPhadder v. State, 450 So.2d 1264 (Fla. 1st DCA 1984).
We agree and hold that the information was sufficiently specific to invoke the jurisdiction of the circuit court. In doing so, we distinguish the circumstances of this case from those in Rogers and Pope.
Pope involved an information that alleged possession of cannabis without alleging the specific amount of cannabis possessed. The court found that omission to be crucial, since, by statute, absent that allegation, or an allegation that the accused had previously been convicted under the Drug Abuse Law, the accused could be found guilty only of a misdemeanor.
Rogers involved a similarly vague and confusing information. There, the information clearly alleged alternative offenses, one being a felony, the other a misdemeanor; but, to add to its repugnancy, the information failed to specify a violation of the specific statutory section referring either *678 to the felony offense or to the misdemeanor offense. The court found that latter omission to be the "culminating deficiency." 336 So.2d at 1236.
In the instant case, as in Rogers and Fike, the information alleged alternative offenses, i.e., that Canty either committed a felony through the alleged sale of the cannabis, or a misdemeanor through the alleged possession or delivery of an unspecified amount of cannabis. However, unlike the circumstances in Rogers and Fike, here the information specifically alleged the violation of section 893.13(1)(a)2, a felony. We find that allegation to be dispositive, and conclude that the information was not so vague or duplicitous as to have prejudiced Canty in the preparation of his defense or failed to invoke the jurisdiction of the circuit court. In so holding, we do not align this Court with the Fike decision's treatment of the misdemeanor as mere surplusage. Instead, we simply hold that under the circumstances of this case, the information was not invalid.[1]Cf. McPhadder v. State.
Turning, now, to the issue on which we reverse, we hold that the trial court erred in failing to instruct the jury on the defense's theory of entrapment. Canty's version of the transaction gives rise to a jury question as to whether he was "lured" by police officers to commit the offense charged. It is axiomatic that a defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such an instruction, and the trial court may not weigh the evidence in determining whether the instruction is appropriate. Pope v. State, 458 So.2d 327 (Fla. 1st DCA 1984).
REVERSED and REMANDED for a new trial.
BOOTH, C.J., and BARFIELD, J., concur.
NOTES
[1] We note that an issue identical to the one presented here is pending in the supreme court. See Mobley v. State, 460 So.2d 383 (Fla. 5th DCA 1984), review granted, Case No. 66,301.