474 So.2d 1192 (1985)
Robert Glen FIKE, Petitioner,
v.
STATE of Florida, Respondent.
No. 66024.
Supreme Court of Florida.
August 22, 1985.
James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
This cause is before us on a petition to review Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984), in which the Fifth District Court of Appeal held that an information alleging the sale [a felony] or delivery of an unspecified amount of marijuana [a misdemeanor] properly invoked circuit court jurisdiction. We find conflict with Rogers v. State, 336 So.2d 1233 (Fla. 4th DCA 1976). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve the instant decision of the district court of appeal.
The information filed by the state specifically alleged that petitioner "did unlawfully and feloniously sell or deliver to another person, Cannabis, a controlled substance commonly known as Marijuana, in violation of Florida Statute 893.13(1)(a)(2); a Third Degree Felony." Both parties agree that an information alleging delivery of marijuana, without specifying the quantity thereof or that the delivery was for consideration, charges only a misdemeanor. Petitioner was tried, convicted, and sentenced in circuit court for the sale of marijuana, a felony. No objection to the adequacy or clarity of the information or to the jurisdiction of the circuit court was raised before that court. On appeal, petitioner argued that the information was insufficient to invoke the jurisdiction of the circuit court because it alleged a felony or a misdemeanor. The district court, in finding that the circuit court had jurisdiction to try the felony charge, concluded that the portion of the information that alleged a misdemeanor was "mere surplusage." 455 So.2d at 629.
Petitioner acknowledges that the information charged a felony. He proceeded to trial on that charge without asserting that the allegations in the information rendered it so vague, indistinct, and indefinite as to mislead and embarrass him in the preparation of his defense or expose him to a substantial danger of a new prosecution for the same offense. See Fla.R.Crim.P. 3.140(o). The circuit courts of this state have jurisdiction over all misdemeanors arising out of the same circumstances as a felony that is charged. See § 26.012(2)(d), Fla. Stat. (1981); art. V, §§ 5 and 6, Fla. Const. This Court has consistently held *1193 that our broad discovery rules afford the criminal defendant adequate protection against double jeopardy and the impeded preparation of a defense without rigid adherence to the common law "four corners of the charging document" rule. See State v. Phillips, 463 So.2d 1136 (Fla. 1985); Tucker v. State, 459 So.2d 306 (Fla. 1984); York v. State, 432 So.2d 51 (Fla. 1983).
Accordingly, we approve the decision of the district court in the instant case, and disapprove the decision of the Fourth District Court of Appeal in Rogers v. State to the extent that it conflicts with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs in result only.