ERVIN, J.
Appellant, Kenneth Johnson, appeals the trial court’s decision to deny his request for an entrapment instruction. We agree with appellant that the jury should have been instructed on his defense of entrapment.
It is axiomatic that a defendant is entitled to have the jury instructed on the rules of law applicable to his or her theory of defense if there is any evidence to support the instruction, and the court may not weigh the evidence in determining whether the instruction is appropriate. The evidence need not be convincing to the trial judge before the instruction can be submitted to the jury, as it suffices that the defense is “suggested” by the testimony. However disdainful the trial judge may feel about the merits of the defense from a factual standpoint is beside the point. See Canty v. State, 471 So.2d 676, 678 (Fla. 1st DCA 1985); Pope v. State, 458 So.2d 327, 329 (Fla. 1st DCA 1984).
In the instant case, which arose from an undercover buy/bust operation, appellant testified that the undercover officers offered to give him cocaine if he would assist them in purchasing it, and he stated that he agreed to assist the undercover officers because he could use the cocaine for his 25-year addiction. Additionally, appellant testified that he did not intend to sell drugs, but was instead on his way to give someone a hair cut when he encountered the undercover officers. Admittedly, this testimony was contradicted by the state’s witnesses, but appellant’s evidence was sufficient to suggest the entrapment defense under section 777.201, Florida Statutes (1999). Therefore, the trial court abused its discretion by weighing the evidence and refusing to give the requested instruction. See Canty; Pope.
Because we cannot conclude that the trial court’s denial of the requested entrapment instruction was harmless under the circumstances of this case, we reverse and remand for new trial.
REVERSED and REMANDED for further proceedings.
ALLEN, J., concurs.
BOOTH, J., dissents.