HARRIS, J.
Glass was arrested when he refused to leave a drinking establishment after receiving a warning. On the way to jail, he kicked the window out of the police cruiser. He was initially charged with felony criminal mischief (having had one or more such violation previously) and trespass after warning, a misdemeanor. At this point, the circuit court had jurisdiction. However, just before trial, the State filed its fourth (and final) information charging only two misdemeanors, simple criminal mischief and trespass after warning. The circuit court, now without jurisdiction, proceeded to try Glass and he was convicted of felony criminal mischief (now not charged) and the misdemeanor trespass. Because the circuit court lacked jurisdiction based on the information which established the charges at the time of trial, we reverse.
The State claims that there was no error because the court conducted a bifurcated hearing pursuant to State v. Harbaugh, 754 So.2d 691 (Fla.2000). While Har-baugh does stand for the proposition that a bifurcated trial is necessary to try a defendant for a felony based on previous misdemeanor convictions, still the information before the court must charge such offense. Because there was no such charge before this court at the time of trial, the court lacked jurisdiction to conduct any trial, bifurcated or not.
REVERSED.
THOMPSON, C.J., and SAWAYA, J., concur.