911 So.2d 1288 (2005)
Ronnie Lee OGLESBY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3617.
District Court of Appeal of Florida, First District.
October 11, 2005.
Nancy A. Daniels, Public Defender and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Ronnie Lee Oglesby appeals his conviction for resisting arrest without violence arguing that the trial court erred in trying him for misdemeanors over which it lacked jurisdiction and in denying his motion for judgment of acquittal as to the charge of resisting arrest without violence. For the reasons that follow, we reverse.
Appellant was charged by information with resisting an officer with violence, a third degree felony, battery on a law enforcement officer, a third degree felony, and disorderly intoxication, a misdemeanor. At the outset of appellant's non-jury trial it was announced that the state was going to nol pros the count charging battery on a law enforcement officer, and reduce the count charging resisting with violence to resisting without violence, a misdemeanor. The state agreed that it was orally amending the information to reflect the changes. Thereafter, the circuit court found Oglesby guilty of resisting arrest without violence and not guilty of disorderly intoxication.
The circuit court was divested of jurisdiction when the information was amended and all that remained to be tried by the court were two misdemeanors. Glass v. State, 832 So.2d 837 (Fla. 5th DCA 2002); Woods v. State, 556 So.2d 493 (Fla. 1st DCA 1990); see also State v. Anderson, 537 So.2d 1373 (Fla.1989)(recognizing that the state may orally amend an information); compare State v. Vazquez, 450 So.2d 203 (Fla.1984)(holding that circuit court will not lose jurisdiction when it proceeds on misdemeanor charge but does not drop the felony charge). Although Oglesby did not object below, as the state correctly concedes, the issue of subject matter jurisdiction is a question of fundamental error which can be raised for the first time on *1289 appeal. Booker v. State, 497 So.2d 957 (Fla. 1st DCA 1986).
REVERSED.
DAVIS, BENTON and VAN NORTWICK, JJ., concur.