935 So.2d 571 (2006)
Allen WAGGY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5683.
District Court of Appeal of Florida, First District.
July 26, 2006.
*572 Appellant, pro se.
Charlie Crist, Attorney General; Tracy Lee Cooper, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
The appellant seeks review of an order denying his claims for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The majority of the claims are without merit; however, the appellant's claims attacking the trial court's lack of subject matter jurisdiction over his convictions in lower tribunal case number 05-5314 necessitate that we reverse and remand for an evidentiary hearing.
On May 25, 2001, the appellant, pursuant to a plea of guilty in lower tribunal case number 00-11638 was convicted of two counts of lewd and lascivious or indecent act on a child less than 16 years of age and was sentenced to 15 years' incarceration on count I and 5 years' incarceration on count II, consecutively. On the same day, the appellant, pursuant to a plea of guilty, was convicted in lower tribunal case number 01-5314 of attempted capital sexual battery and lewd fondling. As a result of his plea in case number 01-5314, adjudication was withheld, and the appellant was placed on 10 years' sex offender probation for each count, concurrently. Id.
In his motion for postconviction relief, the appellant asserts his charged offenses in lower tribunal case number 01-5314 were committed over fifteen years ago at a residential housing unit on Naval Air Station, Jacksonville. Section 6.04, Florida Statutes (1977), provides in pertinent part:
Whenever the United States shall contract for, purchase, or acquire any land within the limits of this state for the purposes aforesaid, in either of the modes above mentioned and provided, or shall hold for such purposes lands heretofore lawfully acquired or reserved therefor, and shall desire to acquire constitutional jurisdiction over such lands for said purposes, the Governor of this state may, upon application made to him in writing on behalf of the United States for that purpose, accompanied by the proper evidence of said reservation, purchase, contract, or acquisition of record, describing the land sought to be ceded by convenient metes and bounds, thereupon, in the name and on behalf of this state, cede to the United States exclusive *573 jurisdiction over the land so reserved, purchased, acquired and sought to be ceded ... upon the express condition that this state shall retain a concurrent jurisdiction with the United States in and over the land or lands so to be ceded, and every portion thereof, so far that all process, civil or criminal, issuing under authority of this state, or of any of the courts or judicial officers thereof may be executed by the proper officers, thereof....
Section 6.04, Florida Statutes, grants the federal government exclusive jurisdiction over government owned territories which have been expressly ceded through application to the state governor, except those areas of concurrent jurisdiction regarding civil and criminal process. See Int'l Bus. Mach. Corp. v. Vaughn, 98 So.2d 747 (Fla. 1957). Thus, the appellant's assertion that the state lacked subject matter jurisdiction to try him for crimes occurring wholly on a military installation with exclusive federal jurisdiction may have merit depending on whether a state governor previously ceded NAS Jacksonville to the federal government as outlined in section 6.04, Florida Statutes.
The issue of subject matter jurisdiction is one of fundamental error that may be raised for the first time on appeal. See Oglesby v. State, 911 So.2d 1288 (Fla. 1st DCA 2005). Moreover, the entry of a plea does not foreclose a later claim premised on the trial court's lack of subject matter jurisdiction. See Maddox v. State, 760 So.2d 89, 96 (Fla.2000). Furthermore, questions of fundamental error may be presented for the first time in a postconviction motion. See State v. Florida, 894 So.2d 941, 945 (Fla.2005); Smith v. State, 741 So.2d 576, 577 (Fla. 1st DCA 1999). The State's assertion that the appellant waived this claim by accepting a defective information at the time he entered his plea in unconvincing. As discussed expressly in the cases cited by the State, "When a court lacks subject matter jurisdiction, it has no power to decide the case and any judgment entered is absolutely null and void, can be set aside and stricken from the record on motion at any time, and may be collaterally attacked." See Young v. State, 439 So.2d 306, 308 (Fla. 5th DCA 1983); State v. Yaros, 728 So.2d 1201 (Fla. 2d DCA 1999).
The appellant has made a facially sufficient claim of ineffective assistance of counsel for his counsel's failure to further investigate the lack of subject matter jurisdiction where he states that his counsel was aware of the incident's locale at the time the appellant entered his plea. Further, even if the appellant had not made a facially sufficient claim of ineffective assistance of counsel, he may still move to collaterally attack a judgment that was rendered without subject matter jurisdiction. See Young, 439 So.2d at 308. Thus, we are constrained to reverse the trial court's denial of the appellant's postconviction claim and remand for an evidentiary hearing on the claim to determine whether the trial court lacked subject matter jurisdiction to convict the appellant in case number 01-5314.
AFFIRMED in part; REVERSED in part; and REMANDED.
WEBSTER and BROWNING, JJ., concur.