979 So.2d 1215 (2008)
The STATE of Florida, Appellant,
v.
Vantoria FUTCH, Appellee.
No. 3D06-3207.
District Court of Appeal of Florida, Third District.
April 30, 2008.
Bill McCollum, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellee.
Before COPE, WELLS and ROTHENBERG, JJ.
WELLS, Judge.
The State of Florida appeals an order wherein the trial court declared its intent not to enforce a municipal ordinance requiring that the defendant not live within 2,500 feet of a school. We treat the instant appeal as a petition for writ of certiorari, grant the petition and quash the order, finding that the trial court lacked subject matter jurisdiction to enter it. See Hudson v. Hofmann, 471 So.2d 117, 118 (Fla. 2d DCA 1985) ("Common law certiorari is the proper vehicle to review whether the lower court acted in excess of its jurisdiction."); State v. Sotto, 348 So.2d 1222, 1223 (Fla. 3d DCA 1977) (granting certiorari and quashing orders mitigating the defendants' sentences because the trial court lacked jurisdiction to enter them).
*1216 Futch was charged in 1995 with five counts of lewd assault on two children under the age of sixteen. On April 6, 1995, he pled guilty to three of those counts and was sentenced to probation. After his probation was modified, it was revoked, and Futch was sentenced to three years in prison. He subsequently served his time and was released.
On December 14, 2006, Futch appeared for a status report that he requested. At that time, he asked the court to excuse him from complying with a Miami-Dade County ordinance which precludes "any person who has been convicted of a violation of Sections 794.011 (sexual battery), 800.04 (lewd and lascivious acts on/in presence of persons under age 16) . . . or a similar law of another jurisdiction, in which the victim of the offense was less than sixteen (16) years of age," from residing within 2,500 feet of any school. See Miami-Dade County Code § 21-281(a) (2007).[1] Although the court was advised that Futch had completed his sentence and that he had not been cited for violation of any ordinance or law, the court nonetheless entered an order stating that the municipal ordinance would not be enforced against him:
[I]t is hereby the intent of this Court to enforce FL. Stat. 775.21 requiring the Defendant not to live within 1,000 feet of a school, daycare, etc.. [sic] It is the intent of this Court not to enforce any municipal ordinance requiring the defendant not to live 2,500 feet from a school, daycare, etc.. [sic]
Because the trial court had no jurisdiction to enter this order, it must be quashed. "[W]hen a probationary period expires, the court is divested of jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify the probation." Francois v. State, 695 So.2d 695, 697 (Fla.1997). Thus, regardless of the trial court's reservations as to the validity or enforceability of this particular ordinance, the court's jurisdiction had not been properly invoked to permit entry of the order granting Futch's request for prospective relief from the ordinance. See Waggy v. State, 935 So.2d 571, 573 (Fla. 1st DCA 2006) ("When a court lacks subject matter jurisdiction, it has no power to decide the case and any judgment entered is absolutely null and void, can be set aside and stricken from the record on motion at any time, and may be collaterally attacked." (quoting Young v. State, 439 So.2d 306, 308 (Fla. 5th DCA 1983), receded from on other grounds, Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984))).
Petition granted; order quashed.
NOTES
[1] Violation of this ordinance is punishable "by a fine not to exceed $1,000.00 or imprisonment in the County jail for not more than 364 days or by both such fine and imprisonment." Miami-Dade County Code § 21-281(c) (2007).